66 So.2d 781

**TURNER v. STEBER et al.**

I Div. 542.

Supreme Court of Alabama.

June 18, 1953.

Rehearing Denied Aug. 11, 1953.

Pillans, Reams, Tappan, Wood & Roberts and Walter J. Lee, all of Mobile, for appellant.

Keener T. Blackmarr, Mobile, and Frank J. Tipler, Jr., Andalusia, for appellees.

STAKELY, Justice.

This is an appeal from a final decree of the equity court in a suit instituted by George R. Turner against Anna Knodel Steber individually and as executrix of the estate of William R. Steber, deceased, and others. The purpose of the proceeding is to establish a lost deed alleged to have been made in April, 1944 by William R. Steber, now deceased, and his wife Anna Knodel Steber to one T. W. Cobb. The deed was never recorded and according to the allegations of the bill, it has been lost or destroyed and it has not been found after diligent search.

In its decree the court refused the relief sought for a number of reasons, including the reason that the deed, if there was such a deed, was an attempt to devise a method whereby a taxi business could be operated under war time restrictions and that there was no intent to convey any title to the property alleged to have been embraced in the deed and which is described in the bill of complaint.

In May 1944 T. W. Cobb conveyed the property to George R. Turner, who filed the present bill. In December 1948 Wm. R. Steber, died, leaving various legacies to his wife and children and naming his wife as the executrix of his will. The will was probated in Mobile County and letters testamentary issued to the widow as executrix. Within the time for filing claims against the estate, claims were filed by several creditors, including William G. Austin, Jr., as trustee for William G. and Ann M. Austin. The present bill was filed against the executrix, the legatees under the will of Wm. R. Steber, deceased, and the aforesaid claimants, who filed claims against the estate. It appears that the only respondent who has taken any interest in the litigation is Wil-

liam G. Austin, Jr., as trustee for William G. and Ann M. Austin.

Wm. R. Steber was the owner of certain property on Government Street in Mobile, Alabama. This property is described in the copy of the alleged deed, which is attached as Exhibit A to the bill of complaint and made a part thereof. This is the deed which is sought to be established.

Wm. R. Steber was operating a taxi cab business known as the Star Taxi Company and was largely indebted to one Joseph Mitchell, who seems to have financed his operations. Wm. R. Steber had difficulty in getting tires for his taxi cabs because of a controversy with the officials of the United States Government under claims of improper dealings by him in the purchase of tires. So in order that the business might be continued, it was thought necessary to sell the cabs and business to someone else who could procure tires and operate the business. In order to accomplish this result, it is claimed that the sale was made to T. W. Cobb. Not only was the real property sold but also the taxi cab company and other property that Wm. R. Steber used in doing business as the Star Taxi Company. It is claimed that after T. W. Cobb got title to the property from Steber, T. W. Cobb made an effort to get a taxi business license from the City of Mobile. In this he was unsuccessful, with the result that it was considered necessary to sell the business to someone who could get such a license from the City of Mobile. The result was that on May 26, 1944, Cobb sold and conveyed the property to the complainant Wm. R. Turner. The alleged deed from Wm. R. Steber to T. W. Cobb was never delivered to Wm. R. Turner. After the conveyance of the property from Cobb to Turner, Turner procured the sanction of the City Commission of Mobile for the transfer of the license for the Star Taxi Company fleet of taxi cabs from Wm. R. Steber to himself. This transfer was made on or about May 29, 1944 and was endorsed on the license.

The whereabouts of T. W. Cobb is now unknown. According to Wm. R. Turner, the last time he saw him was in the first part of 1945. Efforts to locate him failed. After Wm. R. Turner got a deed from T. W. Cobb to the Government Street property and the license was transferred to him with the sanction of the city commission, he began the operation of the Star Taxi Company's fleet of cabs, keeping T. W. Cobb as a practical taxi company operator. He rented the real property until its physical condition became such as to make renting the property impracticable. The operation of the taxi cab business was not successful.

It is obvious that if no title passed from Wm. R. Steber, deceased, then the property in question constitutes an asset of his estate and inures to the benefit of his legatees and creditors as the case may be.

■ While a court of equity has the jurisdiction to establish lost deeds, Cade v. Walker, 214 Ala. 675, 108 So. 594, and to declare the genuineness of such lost or destroyed conveyances Bates v. Bates, 247 Ala. 337, 24 So.2d 440, the burden rests on the complainant, not only to account for the absence of the deed, but also clearly to prove its existence as a genuine instrument. Plann v. Morris, 239 Ala. 176, 194 So. 518.

■ We have read the evidence with great care. There seems to be a question as to whether the alleged deed although executed by Wm. R. Steber and wife was ever delivered to T. W. Cobb. We are inclined to agree with the court that there was never any intent to execute and deliver a deed, which would convey title to the property described in the bill and alleged to be embraced in the deed. Curry v. Colburn, 99 Wis. 319, 74 N.W. 778, 67 Am.St.Rep. 860. We believe that a fair consideration of the evidence leaves the question of the transfer of title in considerable uncertainty and under the circumstances, it is our feeling that the court reached a correct conclusion, which should not now be disturbed by us.

It results that the decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.