## TWIN CITY FEDERAL SAVINGS & LOAN ASSOCIATION v. RADIO SERVICE LABORATORIES, INC.[1]

April 9, 1954.

No. 36,138.

*Òtis H. Godfrey*, for appellant.

*Clinton W. Redlund* and *T. F. Quinn*, for respondent.

PER CURIAM.

This is an action in unlawful detainer brought in the municipal court of St. Paul against defendant, Radio Service Laboratories,

[1]Reported in 64 N. W. (2d) 32.

Inc. The court directed a verdict for plaintiff and judgment was entered thereon. Defendant appeals from the judgment.

On October 31, 1951, United Properties, Inc., conveyed the property in question to plaintiff subject to defendant's lease. Prior to this date, defendant had commenced an action against United Properties, Inc., in the Ramsey county district court to reform the written lease by changing the term of the lease from five years to three years. Sometime after the conveyance of the property to plaintiff, the district court action was terminated by entry of judgment for defendant, Radio Service Laboratories, Inc., reforming the lease to a term of three years. Subsequently, plaintiff notified defendant to vacate the property at the end of the three-year term. When defendant refused to do so, plaintiff instituted this action.

Defendant contends that the trial court erred in directing a verdict for plaintiff on the ground that the judgment in the district court action reforming the lease was *res judicata* against defendant. A judgment is conclusive only between the parties thereto and their privies. One is the privy by estate of another if he succeeded to an estate or interest held by a party to the judgment after the commencement of the action by which he is sought to be bound. 10 Dunnell, Dig. (3 ed.) § 5173; 30 Am. Jur., Judgments, § 226; 50 C. J. S., Judgments, § 810c. Since plaintiff acquired the property in question subsequent to the commencement of defendant's action against United Properties, Inc., to reform the lease, plaintiff is the privy of United Properties, Inc. Therefore, the judgment reforming the lease was *res judicata* as to the term of such lease in the present unlawful detainer action.

None of defendant's remaining assignments of error are supported by any argument or discussion whatsoever. They are, therefore, deemed abandoned. See, 1 Dunnell, Dig. (3 ed.) § 366.

It follows that the judgment appealed from should be affirmed. Affirmed.

MR. JUSTICE THOMAS GALLAGHER took no part in the consideration or decision of this case.