94 So.2d 391

Joseph **MITCHELL**

v.

**William G. AUSTIN, Jr., as Trustee, et al.**

I Div. 672.

Supreme Court of Alabama.

Feb. 21, 1957.

Rehearing Denied April 25, 1957.

Frank J. Tipler, Jr., Andalusia, for appellees.

D. R. Coley, Jr., Mobile, for appellant.

SIMPSON, Justice.

Before proceeding to a consideration of the case on the merits, a construction of Supreme Court Rule 37, Code 1940, Tit. 7 Appendix, is necessary to determine whether the transcript should be permitted to be filed. The case is in equity. The appellant, pursuant to Supreme Court Rule 37, applied to the lower court for a thirty-day extension of time within which to file the transcript in this court. The trial court granted the extension which would run until June 20, 1956. On June 27th, seven days after the limit of the extension, the appellant filed the record here along with a petition

that he be allowed to so file it. The appellee consented to the belated filing.

■ The question posed is whether or not the appellant must apply to this court before the time expires for the filing of the transcript or can he wait, as he did here, until his filing time has passed and then request this court for an extension of time.

This situation seems not to be covered by Rule 37, but the court, in general consultation in which all the Justices have concurred, has concluded that the application for the filing of the transcript here need not be made within the time (90 days) allowed in the lower court, but that on good cause shown this court may extend the time for filing the transcript either before or after the said 90 day period allowable in the court below.

■ In this case it is the view of the court that the consent of opposing counsel to the belated filing of the transcript is sufficient showing of good cause.

## On the Merits

The appeal is from a decree of the circuit court in equity holding good a plea of res judicata against the bill and bill as amended, and dismissing the bill.

The bill and bill as amended sought the establishment of an alleged lost deed wherein the grantee therein executed a mortgage to the complainant, Mitchell, on the real estate embraced in the deed, the foreclosure of said mortgage, and other relief.

The strict question of merit presented is whether a former proceeding and decree rendered thereon in the same court (reported in Turner v. Steber, 259 Ala. 509, 66 So.2d 781, and here affirmed) barred the present suit. The trial court on setting the plea down for a hearing on its sufficiency held to the affirmative, dismissed the bill, and complainant brings this appeal.

The material facts giving rise to the action appear to be as follows: In April, 1944, W. R. Steber (now deceased) and wife, Anna K., allegedly conveyed certain real property to T. W. Cobb; the conveyance was not recorded. Cobb, on May 1, 1944, executed a mortgage on such property to the complainant, Mitchell; the mortgage was not recorded. Cobb, on May 26, 1944, conveyed the real property by warranty deed to one Turner which conveyance was recorded. Thereafter, in 1950, Cobb's whereabouts being unknown, Turner sought to establish the alleged lost deed from Steber and wife to Cobb. This court, sustaining the decree of the trial court, there held that the evidence failed to show any intent to execute and deliver a deed which would convey title from Steber to Cobb. Turner v. Steber, supra.

The question then is whether Mitchell, the complainant here, is barred from the present suit by the former Turner v. Steber case, supra, when he was not a party to that proceeding, and his mortgage was executed prior to the institution of said suit.

■ It is well settled that a final decree is conclusive as to all facts or issues decided therein and binds not only those who were parties to the litigation but also persons who are in privity with them. Sims v. City of Birmingham, 254 Ala. 598, 49 So.2d 302.

■ But the term "privity" "denotes mutual or successive relationship to the same right of property." Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 32 S.Ct. 641, 643, 56 L.Ed. 1009. And no one is in privy to a judgment whose succession to the rights of property thereby affected, occurred previously to the institution of the suit. Freeman On Judgments (5th Ed.), § 440, p. 966.

The principle is illustrated and defined in the following authorities: Cox v. Brown, 198 Ala. 638, 73 So. 964 (Mortgagee not bound by a subsequent judgment against the mortgagor divesting the latter of title); Gladowski v. Felczak, 346 Pa. 660, 31 A.2d 718, 151 A.L.R. 418 (Grantees' mortgagees not concluded by determination that deed

from grantor to grantee was void where they were not parties to the litigation and mortgage executed before the proceedings were instituted); Vasu v. Kohlers, Inc., 145 Ohio St. 321, 61 N.E.2d 707, 166 A.L.R. 855. See also Teisinger v. Hardy, 1929, 86 Mont. 180, 282 P. 1050; Sweeting v. Campbell, 1954, 2 Ill.2d 491, 119 N.E.2d 237; Twin City Fed. Savings & Loan Ass'n v. Radio Service Laboratories, Inc., 242 Minn. 10, 64 N.W.2d 32, 33; Henschke v. Christian, 1949, 228 Minn. 142, 36 N.W. 2d 547; 50 C.J.S., Judgments, §§ 788, 803, 810, pp. 324, 348, 357; 30 Am.Jur., Judgments, § 226, p. 959.

Our case of Coles v. Allen, Preer & Illges, 64 Ala. 98, also gave force to the same principle where it was observed:

"No alienee, grantee, or assignee, is bound or affected by a judgment or decree, rendered in a suit commenced against the alienor, grantor, or assignor subsequent to the alienation, grant, or assignment; for the plain reason, that otherwise his rights of property could be divested without his consent, and the fraud or laches of the grantor could work a forfeiture of estates he had created by the most solemn conveyances. Whatever may be the force and effect of the judgment or decree against the grantor, if it is sought to be used to the prejudice of the grantee, there must be independent, distinct evidence of the facts which authorized its rendition."

■ Complainant, as observed, was not a party to the proceeding between respondents and Turner, the mortgage having been executed to him before the institution of such proceeding, and was therefore not bound by such proceeding.

It results that the decree sustaining the sufficiency of the plea of res judicata was laid in error.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.