111 So.2d 614

**Haskel JOHNSON**

v.

**STATE.**

**I Div. 740.**

Court of Appeals of Alabama.

Aug. 19, 1958.

Rehearing Denied Oct. 7, 1958.

Harry Seale, Mobile, for appellant.

John Patterson, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

PRICE, Judge.

Under the provisions of Section 88, Title 13, Code 1940, certain questions, relative to the authority of the trial judge to extend the time for filing the transcript of the evidence, were certified to the Supreme Court. The reply of the Supreme Court, which sets out the questions, is as follows:

" 'Haskel Johnson, on November 2, 1956, convicted in the Circuit Court of Mobile County, Alabama, for the offense of receiving stolen property. From the judgment of conviction he appealed to this court.

" 'There was no motion for a new trial.

" 'On November 5, 1956, defendant gave notice of appeal. The transcript of the evidence was filed with the circuit clerk on January 7, 1957. No request for extension of time was made of the trial judge before the filing of the transcript. Under the statute providing for the computation of time the last day for the filing of the transcript was Friday, January 4, 1957. Title 1, Section 12, Code 1940.

" 'The record of the proceedings in the trial court was filed in this court on January 31, 1957.

" 'On February 6, 1957, the Attorney General filed motion to strike the transcript of the evidence on the ground it was filed with the circuit clerk more than sixty days after the date of the taking of the appeal.

" 'On February 21, 1957, appellant filed answer to the State's motion to strike, setting up that the Mobile Court House was closed on Saturday, January 5, 1957, and for this reason the transcript of the evidence could not be filed before January 7, 1957.

" 'The cause was submitted in this court on the motion to strike and on the merits, on March 28, 1957.

" 'On April 2, 1957, appellant filed in this court an order signed by the trial judge on March 29, 1957, extending the time for filing the transcript "to include the 7th day of January, 1957." The judge cited as authority for making such order the case of Mitchell v. Austin [266 Ala. 128], 94 So.2d 391.

" 'In Watkins v. Kelley, 262 Ala. 524, 80 So.2d 247, the court held that Title 7, Section 827(1) et seq., Code 1940, Pocket Part, * * * "regulates fully the matter of time of filing transcripts and time for securing the trial court's ruling on exceptions to the transcript. Particularly it is noted that each of these time periods may be extended by the trial court on good cause shown."

" 'Section 827(1), supra, provides that the court reporter shall file the transcript of the evidence with the clerk within sixty days from the date on which the appeal was taken.

" 'Section 827(4), supra, also provides that the court reporter's certified transcript shall be filed with the clerk within sixty days from the taking of the appeal, provided that the period may be extended by the trial court for cause.

" 'Section 827(1a), supra, provides the period of time within which the reporter must file the transcript may be extended by the trial court.

" 'The Judges of the Court of Appeals being unable to reach an unanimous conclusion on the merits of the motion, under authority of Title 13, Section 88, Code 1940, we hereby certify the following questions:

" '1. Does the trial judge have power to make an order after the expiration of the sixty day period provided by Title 7, Section 827(1), et seq., Code, supra, extending the time for filing the transcript?

" '2. Does the trial judge have power to make an order extending the time for filing the transcript of the evidence after the record of the proceedings has been filed in this court and the cause has been submitted?

" 'Dated this the 17 day of October, 1957.

" 'Robert B. Harwood
                 Presiding Judge
" 'Annie Lola Price
                 Judge
" 'Aubrey M. Cates, Jr.
                 Judge'

"We answer the questions set out in your inquiry of October 17, 1957, in the order in which they are presented.

"Question 1.

" '1. Does the trial judge have power to make an order after the expiration of the sixty day period provided by Title 7, Section 827(1), et seq., Code, supra, extending the time for filing the transcript?'

"Our opinion is that the trial court does have the power to make the order in question after the expiration of sixty days from the date on which the appeal was taken.

"We are not to be understood as holding that the trial court has unreasonable or unlimited power to make such an order extending the time for filing the transcript under all conceivably unreasonable circumstances or to the injury of the adverse party. What we do hold is that the trial court's power to grant an extension of time is not extinguished or cut off by the mere expiration of the sixty day period immediately following the date on which the appeal is taken. We think this construction conforms with reason as well as the language of the statute itself.

"The governing statute is Act No. 886, approved September 12, 1951, Acts 1951, p. 1527. This Act may be found in Pocket Parts, Code 1940, Title 7, § 827(1), et seq. The pertinent sections of Act No. 886 appear as § 827, subsections (1), (1a), (4), and (5).

"In pertinent parts, those subsections recite as follows:

" '(1). * * * The court reporter shall then promptly transcribe the evidence * * * and file it with the clerk within sixty days from the date on which the appeal was taken. * * *'

" '(1a). The period of time within which the reporter must file the transcript *may be extended by the trial court* for cause * * * either party may file * * * objections to the certified transcript * * *. The hearing of objections * * * shall be concluded within a period of ninety (90) days * * * provided that this period may be extended by the trial court for cause. The trial court shall endorse its ruling on the transcript * * * within said ninety (90) days period, except as hereinbefore provided. * * *' (Emphasis supplied.)

" '(4). The court reporter's certified transcript shall be filed with the clerk within sixty (60) days from the date of the taking of the appeal, * * *; provided that this period *may be extended by the trial court* for cause.' (Emphasis supplied.)

" '(5). * * * any court reporter failing to transcribe and file testimony, pursuant to the terms of this law, shall be subject to discipline *on the part of the court* as and for a contempt of court.' (Emphasis supplied.)

■ "Act No. 886, supra, places no limitation on the length of the extension of time which may be granted by the trial court. In that situation, we can only conclude that the length of the extension is to be limited only by what is reasonable. In this case, the extension was for three calendar days. The practical effect was to grant one day's extension, for it was only on the third day that the filing could be made, since on the first two days of the extension the clerk's office was closed. Certainly an extension for one day is reasonable. One day is the shortest possible extension. If the trial court is to grant

any extension at all, the length of the extension must be at least one day.

"The legislature, in said Act No. 886, in two separate provisions, which we have emphasized, has said that the sixty day period for filing the transcript *'may be extended by the trial court for cause.'* Nowhere do we find a provision that the extension must be granted before the end of the sixty day period. If such was the intention of the legislature, the act does not express that intention.

"Indeed, it is not unreasonable to conclude that the legislature deliberately avoided attaching such a limitation to the power of extension which is given to the trial court. A situation could easily arise where the reporter might suddenly die or become ill on the sixtieth day and as a result fail to file the transcript within the sixty day period. It would not be reasonable in such a case to say that the trial court could never thereafter extend the time within reasonable limits, and the appellant was thereby forever barred from having his appeal considered on the merits. We do not attribute such an intention to the legislature.

■ "We construe the statute as conferring on the trial court the power to enter an order granting a reasonable extension, even after the expiration of the original sixty day period, provided the delay is not shown to be due to the fault of the appellant, or his attorney, and it is not shown that the appellee has been prejudiced by the delay.

"We do not attempt to say what is reasonable in every case. In the case with which we are here concerned, the delay appears to have been one day. It does not appear that appellant caused the delay, nor is it shown that appellee has been prejudiced. The order entered by the trial court in this case on March 29, 1957, sets out what appears to us to be good cause for granting the extension.

"The statute does not purport to inflict any penalty for failure to file the tran-

script 'pursuant to the terms of this law' on any person other than the court reporter, and here again, the penalty is to be imposed by the trial court. § 827(5), supra.

■ "The authority to extend the time for filing rests in the trial court, not in the appellate court. The statute makes no provision for the transfer of that authority. Watkins v. Kelley, 262 Ala. 524, 80 So.2d 247. For these reasons, we answer Question 1 in the affirmative.

"Question 2.

" '2. Does the trial judge have power to make an order extending the time for filing the transcript of the evidence after the record of the proceedings has been filed in this court and the cause has been submitted?'

■ "We answer Question No. 2 in the negative. After submission of the case in the appellate court, jurisdiction is transferred to that court and the trial court was without authority to act in the premises. We do not have before us the question of what would be the proper action if the submission had not been had or had been set aside on due motion.

"Livingston, C. J., Simpson, Merrill and Coleman, JJ., concur.

"Lawson, Justice (dissenting in part).

"The majority of the court have not only given an affirmative answer to Question 1, but have gone further and have determined that the trial court in the case under consideration in the Court of Appeals acted within a reasonable time.

"While we entertain some doubt as to whether an extension of time for the filing of the court reporter's transcript of the evidence may be extended after the expiration of the sixty day period, we entertain the view that in any event such extension must be requested and acted upon within ninety days from the date on which the appeal was taken or within ninety days from the date of the court's ruling on the motion for new trial, whichever date is later. We think such is the clear legislative intent of the provisions of Act No. 461, approved July 12, 1943 (1943 Gen.Acts, p. 425, as amended by Act No. 97, approved February 9, 1956, Acts of Alabama 1956, Vol. 1, p. 143).

"The holding of the majority will have the effect of making it almost impossible for this court and the Court of Appeals to determine when a cause is subject to dismissal although the transcript of the record has not been filed in this court within the requisite time according to the certificate of appeal, for there will be no way to determine whether an extension of time for the filing of the reporter's transcript of the evidence will be granted by the trial court at some later date. We also disagree with the majority in what appears to be an effort to determine that in the case at hand the trial court did act within a reasonable time. We feel that that question addresses itself to the Court of Appeals in the first instance.

"I am in accord with the majority's answer to the second question.

"Goodwyn, J., concurs in the views expressed by Lawson, J."

Since, as is pointed out by the dissenting opinion, the holding of the Supreme Court "appears to be an effort to determine that in the case at hand the trial court did act within a reasonable time," we have, ex mero motu, set the submission aside, restored the cause to the docket, and have considered it on its merits.

The defendant was convicted of the offense of receiving, etc., stolen property, knowing the same was stolen and not having the intent to restore it to the owner.

The Assistant Attorney General has carefully and accurately set out the tendencies of the evidence. We copy the following statement from his brief:

"The appellant in this case did not take the witness stand. The only parties who testified were State's witnesses, J. T. Savage, President of Graveley of Mobile, Inc., whose place was burglarized, and George Fred Johnson and Anthony Roberts, the

two young airmen who admitted they stole from the Graveley store a used adding machine, two new outboard motors which bore prominent decals showing their brand name and the selling merchant's name, and approximately $50.00 in change, close to midnight on July 8, 1955.

"About a week prior to the burglary, Johnson, who was known to be in the United States Air Force by Appellant, had gone to the service station of Appellant who, when asked if he didn't need an adding machine, replied, 'Yes, if you know where I can get hold of a good one, I will give you $50.00 for one.'

"Earlier on the day of the burglary, Johnson had gone by the station of Appellant, for whom he had on prior occasions brought change to be used in his business, and there Appellant asked Johnson to get him some change, but Appellant did not give him any money with which to get it.

"Less than two hours after the burglary, Johnson and Roberts took the stolen property to Appellant's unlighted house trailer, woke him up, and sold it to him. After waking the Appellant around 1:00 A. M. Johnson stated, 'Well, I've got that adding machine you said you would like to have,' to which Appellant replied that he didn't have any use for one, but added, 'Let me see it.' After seeing the machine he again stated he had no use for one, so Johnson said: 'Well, my friend has got two outboard motors out there in the car that he would like to sell. Do you want to look at them? Maybe you can buy all three at a pretty good price.' Appellant replied, 'Well, I'll look at them.' Roberts brought the motors inside where they were examined pretty closely under the light by Appellant. After some discussion about a price, Appellant stated that he didn't need them but since the boys needed money badly he would buy them, and he said if they wanted them back they could get them for the same price. Appellant did not ask where they got the motors or whose they were because, according to Johnson, 'We told him.'

"Then the boys asked Appellant whether he wanted the $40.00 or $50.00 worth of change that they had, and he said he could use it at his station. He stated that he didn't have enough money to pay them in full but that he would give them what he had and that they could get the rest the next day. They received between $50.00 and $70.00 that night.

"After the transaction had been made, but before the boys received any money, Appellant instructed them to put the outboard motors underneath the bed so they wouldn't be in the narrow trailer hall.

"Next day Johnson went to Appellant's station where he received between $150.00 and $180.00, including the money he got the night before, for the two motors, the adding machine and the change. While there he saw the adding machine, which he had sold to the Appellant the night before, sitting on the desk. He did not recall whether or not there was a 'for sale' sign on it. That night Roberts saw a city detective bring the two stolen outboard motors out of Appellant's trailer."

■ It is clear from the evidence that no error resulted from the court's refusal of the general affirmative charge requested in writing by appellant. Middleton v. State, 27 Ala.App. 564, 176 So. 613.

Defendant contends that the court committed reversible error in its rulings during the Solicitor's argument to the jury. The following appears in the record:

"Mr. Seale: We object, your Honor, to the Solicitor's statement to the jury that they may consider the character and demeanor of the defendant, when the defendant was not even put on the stand to testify. The court overruled the objection, and defendant reserved an exception to the court's ruling."

Nothing appears in the record tending to show the Solicitor's statement in its context.

In Brothers v. State, 236 Ala. 448, 183 So. 433, 436, the court said:

"If, instead of taking the stand he (defendant), was seeking to make evidence for himself by his demeanor before the jury, this was the legitimate subject of comment.

"The trial court was in position to see whether this line of argument was within the rule that counsel may draw any inference which the facts tend to support. The conduct of accused during the trial is a proper subject of comment. 1 Thompson on Trials, § 989; Inman v. State, 72 Ga. 269, 277, 278.

"The jurors were the judges as to whether such inference was well founded."

Since the record does not sufficiently show the connection of the argument, we cannot say the statement as to defendant's demeanor was improper.

If the prosecutor's statement contains both material and immaterial matter, objection thereto as a whole is properly overruled. Kelley v. State, 32 Ala.App. 408, 26 So.2d 633.

The following also appears in the record:

"Mr. Seale: If your Honor please, we object to Mr. Strickland's remarks as to why the defendant did not take the stand.

"The court sustained the objection and instructed the jury not to consider that portion of Mr. Strickland's argument as for or against the defendant."

The objection having been sustained and the jury duly admonished not to consider the argument, no reversible error appears. Davis v. State, 259 Ala. 212, 66 So.2d 714; Willingham v. State, 261 Ala. 454, 74 So.2d 241.

The judgment of the trial court is affirmed.

Affirmed.