118 So.2d 918

**Mayer MITCHELL et al.**

v.

**T. W. COBB et al.**

**I Div. 833.**

Supreme Court of Alabama.

March 17, 1960.

D. R. Coley, Jr., Mobile, for appellants.

Keener T. Blackmarr, Mobile, and Tipler & Fuller, Andalusia, for appellees.

STAKELY, Justice.

This cause comes before this court on appeal from a decree entered by the equity court sustaining the demurrers "to that aspect of the bill of complaint as last amended and set forth in paragraph 3–A * * *." The effect of the court's decree leaves before the court for decision on the merits the aspect of the complainants' claim for relief as contained in the original complaint. The original bill of complaint was filed by Joseph Mitchell and upon his death revived in the name of Mayer Mitchell and others, as executors of the estate of Joseph Mitchell, deceased. The purpose of the bill is to establish an alleged lost deed from Steber and wife to T. W. Cobb and if such deed is established to foreclose a mortgage from T. W. Cobb to Joseph Mitchell.

This case was before this court in Mitchell v. Austin, 266 Ala. 128, 94 So.2d 391. It was there held that since Joseph Mitchell was not a party to the cause styled in this court Turner v. Steber, 259 Ala. 509, 66 So.2d 781, Joseph Mitchell was not bound by the decision in Turner v. Steber, supra.

We think it well to set forth in chronological order the principal events constituting the background of this lengthy litigation. George R. Turner instituted a suit in the Circuit Court of Mobile County, in Equity, against Anna Knovel Steber, as executrix of the last will and testament of William R. Steber, deceased, and others, including William G. Austin, Jr., as trustee for his children, William G. Austin and Ann Austin, who are the principal creditors of the estate of William R. Steber, deceased. In this case the complainant, George R. Turner, sought to establish an allegedly lost deed from William R. Steber to T. W. Cobb. This is the case which is referred to above as Turner v. Steber, 259 Ala. 509, 66 So.2d 781. In the last mentioned case it was alleged that George W. Turner held a deed from William R. Steber to T. W. Cobb which had never been recorded and that this deed from Steber to Cobb had been lost or destroyed. It should be mentioned here that this is the same deed that the complainants are seeking to prove in the first aspect of their bill of complaint, which is still before the court below.

In Turner v. Steber, 259 Ala. 509, 66 So.2d 781, this court held that there was never any intent on the part of Steber to execute and deliver a deed which would convey title to the property involved and furthermore that if there were such a deed from Steber to Cobb it was an attempt to devise a method whereby a taxi business could be operated under wartime restrictions and that there was no intent to convey the title to the property. It was fur-

ther held that since the title to the property was vested in William R. Steber and did not pass to T. W. Cobb, the property constituted an asset of the estate of William R. Steber, deceased, and inured to the benefit of his creditors of which William G. Austin, Jr., as trustee for the children, is the principal creditor.

In the present case, which we have referred to supra as Mitchell v. Austin, 266 Ala. 128, 94 So.2d 391, the allegedly lost deed from William R. Steber to T. W. Cobb is again sought to be established and the decree in Turner v. Steber, supra, was held as not binding on Joseph Mitchell because he was not a party to that litigation.

In the case now before us the bill of complaint has been amended by adding thereto an additional aspect contained in paragraph 3–A of the complaint. This is the aspect to which the court sustained the demurrers and this is the decree from which the present appeal has come to this court.

The allegations of paragraph 3–A of the bill of complaint as last amended show in substance that prior to the date William R. Steber and his wife allegedly executed a deed to T. W. Cobb, William R. Steber in September 1943 had given to Joseph Mitchell a mortgage on the property involved in this cause and other property to secure an indebtedness of $40,000 and in addition thereto any other debts or obligations for advances made thereafter by Joseph Mitchell to W. R. Steber and that in addition to the primary obligation of $40,000, Steber was indebted to Joseph Mitchell in the sum of to wit $25,000 for moneys paid by Joseph Mitchell in satisfaction of certain notes owed by Steber and endorsed by Joseph Mitchell, all of which was secured by the mortgage, a copy of which is attached to the bill as last amended, marked Exhibit 3 and made a part thereof. It is further averred that Joseph Mitchell having paid certain notes, leaving a balance of $40,000 on the mortgage indebtedness, delivered these notes to Steber

and cancelled the indebtedness incurred by him in the payment of said notes in consideration for the execution of the deed by William R. Steber and wife, conveying the lands described in the bill of complaint to T. W. Cobb, as evidenced by a receipt dated July 14, 1944, signed by William R. Steber, a copy of which is attached to the bill of complaint as last amended, marked Exhibit A–1 and made a part thereof. It is further alleged that Steber accepted the cancellation and satisfaction of said indebtedness as payment of the consideration by the conveyance of said land with other property, the consideration for said land being fixed at $8,000. It is further alleged that as a part of the transaction and as a further consideration for the execution of the conveyance by Steber to T. W. Cobb, as aforesaid, Joseph Mitchell and American National Bank & Trust Co., as transferee of said mortgage, released from the lien of the mortgage to him executed by Steber, the automobiles and equipment used in connection with the Star Taxi business and quitclaimed and conveyed to George R. Turner the real property on which the Star Taxi Company did business, all to the end that the sale of certain property to T. W. Cobb might be consummated by the said William R. Steber. A copy of the release is attached as complainants' Exhibit A–2 to the bill as amended and made a part thereof.

It is further alleged that the indebtedness of Steber to Joseph Mitchell cancelled by Joseph Mitchell as hereinabove alleged, has never been paid or satisfied except as hereinabove set forth and that if it could be that Steber never executed and delivered to T. W. Cobb the deed conveying said land, then no consideration passed to complainant for the cancellation of the indebtedness and the release of the property from the lien of the mortgage and that the mortgage from Steber to Joseph Mitchell is in default and subject to foreclosure.

The aspect of the amended bill presented in paragraph 3–A seeks to have the court

decree that the release executed by Joseph Mitchell from the mortgage from William R. Steber was without consideration or that the consideration therefor has failed and seeks to get the court to order and decree that notwithstanding the cancellation and release from such mortgage, the said mortgage still constitutes a lien on the property involved.

It affirmatively appears from the bill as amended that a satisfaction was entered upon the face of the mortgage as shown in Exhibit A–3, which is attached to the amended bill and made a part thereof. The satisfaction is signed Joseph Mitchell and is as follows: "The debt herein secured by this mortgage having been paid and satisfied in full this instrument is hereby fully cancelled. Given under my hand this 15th day of July, 1948."

As we understand the case there are two aspects of the bill of complaint as last amended. In the first aspect the complainants seek to have the alleged deed from William R. Steber and wife to T. W. Cobb, which has been allegedly lost, established. In the first aspect the complainants are proceeding on the theory which was before this court in Turner v. Steber, 259 Ala. 509, 66 So.2d 781, so far as establishment of the alleged lost deed is concerned. This court has held that Joseph Mitchell is not bound by the decision in Turner v. Steber, supra, because he was not a party thereto. Mitchell v. Austin, 266 Ala. 128, 94 So.2d 391.

In the second aspect of the bill, which is presented by the amendment to the bill designated as paragraph 3–A, the complainants proceed on the alternative theory that if in fact there was no deed conveying the interest of Joseph Mitchell to T. W. Cobb with an intent to convey the property involved, then the release from the mortgage to which we have referred and the satisfaction on the face of the mortgage, should in equity and good conscience be cancelled and set aside.

The appellees lay great stress on the provisions of § 4, Title 9, Code of 1940, which reads as follows:

"An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing with or without new consideration."

There is no doubt that where an obligation is extinguished by a release therefrom given to the debtor by the creditor which is in writing, no consideration is needed to uphold the release. National Life & Accident Ins. Co. v. Karasek, 240 Ala. 660, 200 So. 873; Grand Lodge Knights of Pythias of North America v. Williams, 245 Ala. 220, 16 So.2d 497; Homewood Dairy Products Co. v. Robinson, 254 Ala. 197, 48 So.2d 28, 22 A.L.R.2d 1059.

We might further say in this connection that § 4, Title 9, Code of 1940, should be construed in pari materia with § 381, Title 7, Code of 1940, which reads as follows:

"All receipts, releases, and discharges in writing, whether of a debt of record, or a contract under seal, or otherwise, must have effect according to the intention of the parties thereto."

As pointed out in Grand Lodge Knights of Pythias of North America v. Williams, supra, this section makes no reference to the consideration for the release and therefore it cannot be said that § 381 alters the meaning of § 4, Title 9, Code of 1940, which allows a release in writing to constitute a complete discharge irrespective of consideration therefor.

But in Alabama By-Products Corp. v. Kennedy, 228 Ala. 410, 153 So. 862, 864, this court while holding that a release must be given effect according to its plain terms, also said that this is true "in the absence of fraud in its procurement or other vitiating cause available at law." The allegations of amendment 3–A specifically show

that Steber accepted the cancellation and satisfaction of the said indebtedness as payment of the consideration for the conveyance of the land with other property to T. W. Cobb. We must, of course, take the allegation of facts alleged in the bill as true on demurrer.

It appears clear to us that since under the allegations of the amended bill in paragraph 3–A the release from the lien of the mortgage and the cancellation of the mortgage on the record was made in consideration of the execution and delivery of the deed from Steber to Cobb, equity has the right to set aside the release and cancellation if as a matter of fact no deed was executed. The complainants cannot insist on the one hand that they are entitled to have the benefit of the cancellation and the release of the property from the lien of the mortgage and at the same time deny to appellants the consideration which allegedly moved Joseph Mitchell to enter such cancellation and to execute such release.

We quote from Pomeroy's Equity Jurisprudence, 5th Edition, § 871c, Vol. 3, p. 399, as follows:

"Where an instrument has been surrendered or discharged, or an encumbrance or charge has been satisfied through mistake, the jurisdiction may be exercised by granting such relief as will replace the party entitled in his original position, either by setting aside the formal discharge, or by compelling a re-execution of the instrument." In Burns v. Burns, 228 Ala. 61, 152 So. 48, 50, it was said,

" * * * It is generally recognized that such entry of satisfaction, as between the parties, is to be treated in the nature of a receipt, is only prima facie, and not conclusive evidence of payment, and is open to explanation like any other receipt. * * *."

See also Bank of Oakman v. Thompson, 224 Ala. 87, 139 So. 238.

In enacting § 4, Title 9, Code of 1940, it could not have been the intention of the legislature to enact a law which would make it impossible for a court of equity to correct a manifest error or injustice and to bind one party to a transaction when the other party has failed to deliver the consideration for which the act was done.

It is not claimed that there was any fraud in the procurement of the release from the mortgage and the satisfaction of the mortgage but that such release and satisfaction were executed through mistake. In Glenn v. City of Birmingham, 223 Ala. 501, 137 So. 292, it was held that fraud is not essential to be shown and that the equity of a bill may well be rested upon the equitable doctrine of cancellation for the mutual mistake of the parties. There is authority holding that the mistake need not be mutual but that a unilateral mistake of fact going to the essence of the contract may be ground for equitable cancellation. 12 C.J.S. Cancellation of Instruments § 27, pp. 978–979. There is no demurrer attacking this feature of the bill and therefore we do not have before us any question as to the sufficiency or nature of the mistake alleged in the bill as last amended.

In view of what we have said we have reached the conclusion that the demurrer to paragraph 3–A of the bill of complaint as last amended, should have been overruled. Accordingly, the decree of the lower court must be reversed and the cause remanded.

Reversed and remanded.

SIMPSON, GOODWYN and MERRILL, JJ., concur.