202 So.2d 743

**Jim Edward LANGFORD**

v.

**STATE.**

**3 Div. 206.**

Court of Appeals of Alabama,

Aug. 29, 1967.

W. Clarence Atkeison, Prattville, for appellant.

MacDonald Gallion, Atty. Gen., and Robt. F. Miller, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was submitted December 22, 1966.

Theretofore the State had moved us to strike the record and dismiss the appeal. Supreme Court Rule 37, revised, 261 Ala. xxxiii, which took effect June 1, 1955.

The appellant was convicted of involuntary manslaughter October 26, 1965. On November 1, 1965, he was adjudged guilty and sentenced to ninety days hard labor. He thereupon gave notice of appeal.

November 24, 1965, Langford filed a motion for new trial which the trial judge set down for hearing December 14 of that year. Various continuances kept the motion alive until March 18, 1966, after which date the record gives no further action.

On May 28, 1966, appellant moved the circuit court to extend the time within which the court reporter could file the transcript of evidence with the circuit clerk. The court extended the filing date until August 1.

The transcript of the evidence was filed with the circuit clerk on August 1, 1966.

Because of the lapse of the motion for new trial, under Code 1940, T. 13, § 119, March 18, 1966, was the last day on which the trial court could keep the cause on its docket. We forego speculating as to whether this lapse made finality revert to the day of sentence, November 1, 1965.

Johnson v. State, 269 Ala. 1, 111 So.2d 610(1) held that under the statute abolishing bills of exception, Act No. 886, September 12, 1951, the trial judg_'s power to extend was limited in time "only by what is reasonable." An ex post facto extension for one day was described, "Certainly * * reasonable." But this was followed by the observation:

"We do not attempt to say what is reasonable in every case. * * *"

Here, on May 28, seventy-one days after the abortive motion for new trial was abandoned—at least on the certified record sent us—one of the circuit judges purported to grant, until August 1, an extension to the court reporter for filing the transcript of evidence.

This time would have carried the cause some 272 days from the time notice of appeal was given. Nothing appears in the record as to when the appellant requested the court reporter to get up her transcript. See Act No. 886, supra, § 1, as amended, second sentence, which makes it mandatory for the appellant (other than a pauper) to give the court reporter written notice of such request "within 5 days after he perfects his appeal". Compare Wheeler v. Alabama National Bank of Montgomery, 262 Ala. 36, 76 So.2d 679.

We hold that the circumstances here do not present a reasonable delay in extending the time for transcription. It follows that the purported order to extend entered on May 28, 1966, was coram non judice.

Accordingly, the sixty day period for filing the entire record in this court had long since expired on August 15, 1966 (its filing date), under Rule 37, supra. Therefore the Attorney General's motion is well taken.

Motion granted; record stricken; appeal dismissed.