248 So.2d 731

Herman **ROBERSON**

v.

Lester R. **McHENRY.**

3 Div. 30.

Court of Civil Appeals of Alabama.

April 28, 1971.

Rehearing Denied May 26, 1971.

Frank W. Riggs, Montgomery, for appellant.

Azar, Campbell & Azar, Montgomery, for appellee.

BRADLEY, Judge.

The appellee in the above styled cause has filed in this court a motion asking us to affirm the judgment of the trial court, for that more than sixty days have expired from the taking of an appeal in this case —appeal taken on August 25, 1970—and no transcript of the testimony has been filed in the Circuit Court Clerk's office, nor has the record on appeal been filed in this court. The motion further alleges that no extension of time was requested of the trial judge within which to permit the filing of the transcript of the testimony, and neither has a request been made of this court for an extension of time within which the record could be filed in this court.

The motion to affirm the judgment of the trial court was filed here on March 23, 1971.

Appellant responds to said motion by saying that the court reporter who took the testimony in the trial court was a substitute reporter, and that he was asked to prepare a transcript of the testimony, but due to the press of business was unable to do so. Appellant avers that he obtained an extension of time of forty five days for filing the transcript of testimony from one of the judges of the trial court on March 25, 1971.

Appellee replies that the reporter who took the testimony in the trial court is a regular substitute court reporter for the Circuit Court of Montgomery County, and that during the period of time in question has not failed to prepare, within the time required, the transcript of any proceeding which he had been called on to take; and attached to appellee's answer was an affidavit of the substitute court reporter confirming appellee's statements.

In the affidavit Mr. Watson, the reporter, stated that he took the testimony at the trial of this case on April 20, 1970, and that he received a letter from appellant's counsel dated March 18, 1971, asking him to prepare a transcript of the testimony in the case at bar. He further stated in said affidavit that he had received no previous directive from said attorney to prepare the transcript of testimony in the case at bar.

Mr. Watson further stated in his affidavit that during the time from April 20, 1970 to March 18, 1971, he had acted as a court reporter in the Circuit Court of Montgomery County and had promptly prepared and delivered all records requested of him, and had not requested an extension of time in which to prepare them.

Attached to the affidavit was a copy of the letter dated March 18, 1971 from appellant's counsel to Mr. Watson, requesting the preparation of the transcript of the testimony.

Title 7, Section 827(1), Code of Alabama 1940, as Recompiled 1958, provides in pertinent part as follows:

" * * * If a party to a cause tried in such court desires to appeal from a judgment rendered, he shall, within five days after he perfects his appeal give notice to the court reporter, in writing, that he desires to appeal and request the evidence to be transcribed. The court reporter shall then promptly transcribe the evidence, including objections, oral motions, rulings of the court, and the oral charge of the court, certify the same and file it with the clerk within sixty days from the date on which the appeal was taken, or within sixty days from the date of the court's ruling on the motion for a new trial, whichever date is later. * * * "

Section 827(4) of said Title 7 also provides that the transcript of the testimony shall be filed with the Clerk within sixty days of the taking of the appeal, or within

sixty days of the ruling on the motion for new trial, whichever is later.

It is also provided in said subsection four that the trial judge may, for cause, extend the time for filing the transcript of testimony.

The Court of Appeals in Langford v. State, 44 Ala.App. 75, 202 So.2d 743, said that an appellant was required by the second sentence in Act No. 886, Acts of Alabama 1951, i. e., Section 827(1), supra, to give the court reporter written notice of a request for the preparation of the transcript of testimony, "within five days after he perfects his appeal."

The record before us reflects that the appeal to this court was perfected on August 25, 1970, and the written request made of the court reporter for the preparation of the transcript of the testimony was dated March 18, 1971. The period of time elapsing between the perfection of the appeal and the written request for the preparation of the transcript is obviously more than five days. It therefore appears that the appellant did not request the court reporter to prepare the transcript of testimony within the time period provided by Section 827(1), supra.

Notwithstanding the failure to request the preparation of the transcript within the period required by statute, the appellant says and proves by a copy of the order that the trial judge has extended for forty five days from March 25, 1971, the period for filing the transcript with the Clerk of the Circuit Court.

The question then arises as to whether the trial judge has the authority to make an order after the expiration of the sixty day period extending the time for filing the transcript of testimony with the clerk.

In Johnson v. State, 269 Ala. 1, 111 So. 2d 610, the Supreme Court of Alabama said that a trial judge does have such power. It said:

"We construe the statute as conferring on the trial court the power to enter an order granting a reasonable extension, even after the expiration of the original sixty day period, provided the delay is not shown to be due to the fault of the appellant, or his attorney, and it is not shown that the appellee has been prejudiced by the delay."

The facts in the cited case show that the sixty day period for filing the transcript expired on January 4, 1957, the transcript was filed with the trial court clerk on January 7, 1957, appellee's attorney filed a motion in the appellate court February 6, 1957 to strike the transcript which had been filed with said court clerk, and on March 29, 1957, on request of appellant, the trial judge signed an order extending the time for filing the transcript with the clerk of the trial court to and including January 7, 1957.

The Supreme Court further said:

"We are not to be understood as holding that the trial court has unreasonable or unlimited power to make such an order extending the time for filing the transcript under all conceivably unreasonable circumstances or to the injury of the adverse party. * * * *"

We are inclined to agree with the dissenting opinion in *Johnson*, supra, to the effect that it will be very difficult to determine when a case is subject to dismissal even though it is quite obvious that the provisions of Section 827, subsections one and four, supra, have not been complied with by the appellant. It would be more reasonable to expect a request for an extension to be made, if not before the expiration of the sixty day period, certainly before the expiration of ninety days from the perfection of the appeal or the ruling on the motion for a new trial, whichever is later. Then it would be easy to ascertain whether the appellant had requested an extension within the period authorized by statute.

Even though the trial court in *Johnson*, supra, was permitted to grant an extension of time for filing the transcript of testimo-

ny with the clerk after a motion was filed asking that the transcript be stricken for failure to have it filed within the sixty day period, we also think it unfair to permit an extension to be granted after a motion to affirm the judgment has been filed with this court based on the failure to comply with Section 827, subsections one and four, supra.

To permit the trial court to grant an extension of time for filing the transcript of testimony with the trial court clerk after a motion to affirm the judgment has been filed in the appellate court based on appellant's failure to comply with the sixty day period as prescribed by Sections 827(1) and (4), supra, takes away the authority of the appellate court to require adherence to Sections 827(1) and (4), supra.

Notwithstanding the possible effect on our control of the appeal process, we feel that appellant has failed to bring himself within the the majority opinion of *Johnson*, supra.

It does appear, in the case at bar, that appellant or his attorney was responsible for the delay in the preparation of the transcript for filing with the Clerk of the trial court.

In this case the appeal was perfected on August 25, 1970, and the request for the preparation of the transcript was not made until March 18, 1971, some seven months after the appeal was taken. Certainly it cannot be said that appellant did not cause the delay in the filing of the transcript with the Clerk of the trial court within the required sixty day period, because he did not even ask for it to be prepared until five months after the sixty day period had expired.

Under the doctrine laid down in *Johnson*, supra, we consider this to be an unreasonable delay in filing the transcript with the Clerk of the trial court. We also conclude that this unreasonable delay in filing the transcript with the trial court further delayed the submission of the case to this court for review. This had a prejudicial effect on appellee's right to the enjoyment of his $3,500.00 judgment, notwithstanding there was a supersedeas bond in effect assuring appellee that should he prevail on appeal, he would have his judgment satisfied. We think the axiom, "Justice delayed is justice denied," to be very appropriate in this instance.

Therefore, based on the finding that the court reporter was not requested in writing within five days after the perfection of the appeal to prepare the transcript of the testimony, Langford v. State, supra; and the further finding that there was a delay in filing the transcript of the testimony with the Clerk for a period of approximately seven months after the perfection of the appeal, which had a prejudicial effect on the substantial rights of appellee, Johnson v. State, supra, the motion to affirm the judgment rendered in the trial court is granted.

Motion granted; judgment affirmed.

## ON REHEARING

Attached to appellant's application for rehearing is a copy of a letter which appellant's attorney states was sent to the court reporter asking him to prepare a transcript of the testimony in the above styled proceeding. The letter is dated September 1, 1970.

Appellant says that the copy of the letter to the court reporter establishes the fact that a timely request was made for the preparation of the transcript of the testimony.

The application for rehearing is the first time that appellant attempts to establish a date for the request to the court reporter for the preparation of the transcript.

Prior to this time, the only reference to a date for the request to prepare a transcript was a copy of a letter from appellant's attorney attached to the court reporter's affidavit, which was dated March 18, 1971.

The notice of appeal was filed in the trial court on August 25, 1970, and the letter asking for the preparation of the transcript, a copy of which is attached to the application for rehearing, is dated September 1, 1970. This is more than five days after the notice of appeal was filed, and beyond the period in which such request should be made to the court reporter, as required by Title 7, Section 827(1), Code of Alabama 1940, as Recompiled 1958. See Langford v. State, supra.

However, should we consider at this late date, the letter from appellant's attorney to the court reporter, as starting the preparation of the record for appeal, the court reporter says in effect, that he did not receive this letter; he says that the first communication concerning the preparation of the transcript he received from appellant's attorney was dated March 18, 1971.

Assuming as we do that appellant did send the letter on September 1, 1970 to the court reporter requesting the preparation of the transcript, and assuming that he knew that the statute—Section 827(1), supra—required said transcript to be filed with the clerk within sixty days of the request therefor, we also consider it reasonable that appellant would have inquired of the court reporter prior to the expiration of said sixty day period whether or not the court reporter had prepared the transcript or would have it ready to file as requested.

This strikes us as a reasonable conclusion, because a failure or inability to prepare the transcript in the allotted time, would certainly call for an extension of time from the trial judge in which to have it prepared. Otherwise, the transcript is subject to being stricken on proper motion.

The record does not reflect any inquiry made of the court reporter as to the status of the preparation of the transcript until March 18, 1971, some seven months after notice of appeal was filed.

It is settled in this state that it is the duty of counsel for appellant to see that records pertaining to appeals are timely filed. State for Use of Russell County v. Fourth Nat. Bank of Columbus, Ga., 270 Ala. 135, 117 So.2d 145; Wanninger v. Lange, 268 Ala. 402, 108 So.2d 331; and Jefferson Iron & Metal Co. v. Bethune, 263 Ala. 131, 81 So.2d 674.

A telephone call to the court reporter during the sixty day period after the filing of the appeal would have established whether or not the letter of September 1, 1970 had been received, whether or not the transcript was being prepared or whether an extension of time for filing it with the clerk was needed.

The record does not reflect any communication between appellant's counsel and the court reporter from September 1, 1970 to March 18, 1971, relative to the transcript of testimony.

We are still of the opinion that the delay of seven months in seeking to have the transcript of testimony prepared was unreasonable and had a prejudicial effect on the rights of the appellee.

Opinion extended.

Application for rehearing overruled.