CATES, Presiding Judge.
Voluntary Manslaughter: sentence, five years imprisonment.
The State’s motion to strike the record is without merit and will be overruled, Johnson v. State, 269 Ala. 1, 111 So.2d 610.
Mrs. Thompson was accused of killing her husband by shooting him with a pistol. Under the State’s evidence the Thompson home was completely secured from entry, with no signs of breaking. Mr. and Mrs. Thompson were found inside. He was dead; she was in a comatose condition, wounded in the temple. A single pistol was lying nearby. The hypothesis was that she shot Thompson and herself. The State did not negative a mutual suicide pact.[1]
The defense moved to bar the trial on the ground that the defendant was suffering from amnesia. A neurosurgeon testified — ' without contradiction — that Mrs. Thompson’s amnesia was permanent, particularly for the period at and near the time of the shooting.
The trial judge ruled that amnesia was no bar to an indictment. (R. 26). This probably is correct on the issue of guilt vel non. See Anderson v. State, 40 Ala.App. 509, at 514, 120 So.2d 397.
However, the instant record presents a due process question under Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 and Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103.
When the neurosurgeon gave his opinion as to Mrs. Thompson’s loss of memory, presumptively — in the peculiar facts of this case — it became apparent that she was incompetent to stand trial because she had lost (with or without her fault) a faculty necessary to tell her lawyer about the incident. This virtually shifted the burden to the prosecution. Pierce v. State, 52 Ala.App. 422, 293 So.2d 483, and Drope, supra.
This cause is remanded for further proceedings to determine whether or not the appellant was competent to stand trial. *682 Under Edgerson v. State, 53 Ala.App. 581, 302 So.2d 556, the judgment of conviction is suspended pending the further proceeding herein ordered.
JUDGMENT SUSPENDED; REMANDED WITH DIRECTIONS.
All the Judges concur.

. See People v. Matlock, 51 Cal.2d 682, 336 P.2d 505, 71 A.L.R.2d 605 and Anno. 71 A.L.R.2d 617.