408 So.2d 68 (1981)
Calvin WILKS
v.
STATE of Mississippi.
No. 53198.
Supreme Court of Mississippi.
December 16, 1981.
Rehearing Denied January 20, 1982.
*69 W.E. Gore, Jr. and Robert G. Nichols, Jr., Jackson, for appellant.
Bill Allain, Atty. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SUGG and LEE, JJ.
LEE, Justice, for the Court:
Calvin Wilks was indicted, tried and convicted in the Circuit Court of the First Judicial District, Hinds County, Honorable William F. Coleman, presiding, on a charge of murder, was sentenced to a life term with the Mississippi Department of Corrections, and he appeals here.

I.

Did the lower court err in permitting witnesses to testify for the state whose addresses had not been furnished the appellant and in refusing to enter a mistrial because of same?
Rodney Sumrall and Eddie White testified for the state and identified appellant as the person who killed Jerry Miller. Carolyn Wilks, sister of appellant, and Percy Lee Samuel, testified for the state on rebuttal. Appellant contends that the state failed to follow the agreed order entered pursuant to Rule 4.07 of the Uniform Circuit Court Criminal Rules in that the state failed to furnish the correct address of Sumrall and White prior to trial. However, the record reflects that Sumrall's address was given as Houma, Louisiana, and such was the best address that the state had. Also, the best address of White, which the state had, was furnished to the appellant's attorney.
Appellant interposed no objection to the testimony of Carolyn Wilks and Percy Lee Samuel on rebuttal, except that he made the objection Miss Wilks had been present during the trial when the sequestration rule was invoked. The trial judge exercised his discretion and permitted her to testify. We are of the opinion that failure to raise the specific objection at trial constitutes a waiver of the point, and we find no merit to this assignment.

II.

Did the lower court err in failing to grant a mistrial when the district attorney commented upon the disappearance of Carolyn Wilks and Percy Lee Samuel during his closing argument?
In his closing argument, the district attorney said: "Calvin Wilks' sister Carolyn and her husband were here this morning, but mysteriously disappeared." Appellant objected and moved for a mistrial, which the trial judge overruled. The district attorney's total closing argument is not in the record and it is not possible for this Court to ascertain in what context the statement was made. In Peyton v. State, 286 So.2d 817 (Miss. 1973), the Court said:
[W]e do not have the advantage that the trial judge has of hearing the argument as a whole. The trial judge has a peculiar and distinct advantage of the judges of this court in judging upon such questions, because he is not only familiar with the evidence and the atmosphere of the case, as it may be called, but he has heard the entire argument and knows the setting that the language complained of has in connection with the argument on both sides of a case.
(286 So.2d at 818-19)
*70 Carolyn Wilks and Percy Lee Samuel were present during the trial, they were called by the state to testify on rebuttal and they were examined by the state and appellant. We are of the opinion that the remark of the district attorney under the facts and circumstances of this case does not constitute reversible error.

III.

Did the lower court err in failing to grant appellant a directed verdict or peremptory instruction of not guilty?
About 9:00 p.m. on Friday, December 21, 1979, Jerry Miller was driving a Ford Mustang automobile near the intersection of Highway 80 and Gault Street in Jackson, Mississippi, accompanied by appellant Calvin Wilks. The car ran off the road, collided with a pole and came to rest in a shallow ditch. Appellant got out of the car, walked around to the driver's side where Jerry Miller was still seated and pulled Miller out of the car. In the presence and hearing of six bystanders appellant said to Miller: "Hey, man, you busted my nose. I'm gonna kill you." Miller pleaded with appellant not to kill him, but appellant pulled out a knife and stabbed Miller several times. Miller fell down by the side of the car, mortally wounded. Appellant walked over to three of the bystanders, Eddie White, C.T. White and Ricky Harris, and offered them $15 to take him away from the scene, but the young men declined to do so. Appellant then spoke to an unidentified man in a green Toronado automobile, got into that car and the two men drove away.
Eyewitnesses testified at trial about the fatal stabbing and identified appellant as the person who stabbed Miller. Appellant's defense was an alibi. He claimed that December 21, 1979, was his birthday and that he was at a birthday party at the time of the incident. Three witnesses who attended the birthday party testified that it was held on Saturday, December 22, 1979, and not on Friday, December 21, 1979, the date of the homicide.
In passing on motions for directed verdicts and requests for peremptory instructions of not guilty, all evidence on behalf of the state is taken as true, together with reasonable inferences that may be drawn therefrom, and, if there is sufficient evidence to support a verdict of guilty, the motion for directed verdict must be overruled and the peremptory instruction must be denied. Warn v. State, 349 So.2d 1055 (Miss. 1977). The evidence in the case sub judice overwhelmingly supports the verdict of guilty and the trial court correctly denied the motion for directed verdict and the request for a peremptory instruction of not guilty.
There being no reversible errors in the record, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and HAWKINS, JJ., concur.