## RACHFORD v. CITY OF PORT NECHES.

### No. 2947.

Court of Civil Appeals of Texas. Beaumont.

July 3, 1936.

Rehearing Denied July 20, 1936.

W. T. McNeill and J. Paul McNeill, both of Beaumont, for City of Port Neches.

J. H. Rachford, of Beaumont, for Rachford.

COMBS, Justice.

The city of Port Neches, an incorporated town of less than 5,000 population, filed this suit against Mrs. A. E. Rachford to collect taxes alleged to be owing and delinquent for the years 1927 to 1933, inclusive. Defendant answered first by plea in abatement in which she sought to attack the validity of the incorporation of the city of Port Neches and to challenge its power to levy taxes on the grounds (a) that the election held in 1927 for the purpose of incorporation was held within less than one year after an election had been held for the same purpose at which the proposition to incorporate did not carry; (b) that the boundaries of the city were too indefinite and uncertain; (c) that the area described in the petition and order for incorporation did not include all the area of the town of Port Neches, as defined by its residences and appurtenant structures; and (d) that certain territory included within the boundaries and lying between the defendant's properties and the balance of the city was property owned by the city of Port Arthur and was not to be used or intended by the incorporators to be used for city purposes. The plea in abatement was heard by the trial court and refused, and subject thereto defendant filed answer setting up the same matters which had been urged in the plea in abatement, and also alleged in substance that defendant's properties were overvalued and also that the taxes for the years 1931, 1932, and 1933 were not validly or legally levied, in that no budget of proposed expenditures had been filed with the county clerk of Jefferson county and the state comptroller at Austin, as required by article 689a—1 et seq., Vernon's Ann.Civ.St. chapter 206, § 2 et seq., Acts 42d Legislature, Regular Session, p. 339, known as the Budget Law. On a trial to the court judgment was entered in favor of the plaintiff for the taxes, interest, and penalties sued for for the

years 1927 to 1930, inclusive, with foreclosure of the tax lien. But judgment was denied the plaintiff for taxes for the years 1931, 1932, and 1933, on the ground that no budget of proposed expenditures had been filed by the city with the county clerk and state comptroller, as required by the statute. In that connection we will state that the evidence shows that a budget was prepared for each of said years and filed in the office of the city clerk of Port Neches, but copies were not filed with the county clerk and the state comptroller. The trial court excluded the tax rolls for said years when offered by the plaintiff and entered judgment, as above stated, in effect holding that no valid levies had been made for said years. The defendant, Mrs. Rachford, appealed from that part of the judgment in favor of the plaintiff, and the plaintiff, city of Port Neches, appealed from that part of the judgment which denied recovery for the taxes for the years 1931, 1932, and 1933.

### Opinion.

■ The trial court properly overruled all of the defendant's contentions seeking to attack the validity of the incorporation of the city of Port Neches. On the face of the record the city of Port Neches appears to have been legally incorporated in 1927, and has ever since exercised the functions of an incorporated city. The legality of its incorporation can be attacked only in a direct proceeding for that purpose. The matters sought to be urged by the defendant seeking to attack the legality of the incorporation cannot be collaterally raised in this suit. See Rachford v. City of Port Neches (Tex.Civ.App.) 46 S.W.(2d) 1057, and Dearing v. City of Port Neches (Tex.Civ.App.) 46 S.W.(2d) 1062, writ refused, and authorities cited. The propositions now urged by appellant were before this court in the cited cases and were fully discussed by Chief Justice Walker in his opinion in the Rachford Case.

■ The trial court did not err in admitting in evidence the tax rolls for the years 1927 to 1930. Among other objections the defendant urged that the rolls should be excluded because they did not have indorsed thereon any order or statement showing their approval by the proper authorities, etc. By oral testimony the records were sufficiently identified and proved up.

■ The defendant also attacked the validity of the levies for the years 1927 to 1930 on the ground that the ordinance making the levies provides in each instance that taxes shall become delinquent on March 31st of the year following the levy, instead of February 1st, as provided by statute. Appellant is in no position to complain. The ordinance which she attacks is more favorable to her than the general law, which would make the taxes delinquent a month earlier than the ordinance. Obviously, if the provision in question should be held invalid, the only effect would be to make the general law applicable and add one month of interest to appellant's obligations. That portion of the ordinances levying the tax is separate and distinct from, and in no way dependent upon, such provision, and hence the validity of the levy could not be affected by such provision.

■ Complaint is also made of the exclusion of the testimony of a witness who would have testified that two or three specific tracts, or improved lots, in Port Neches, were rendered and assessed at valuations lower than similar property of the defendant. The proffered testimony was properly excluded. The defendant did not, by her pleadings nor by the proffered testimony, even suggest that fraud or illegality entered into the fixing of the valuations complained of. At most, the defendant merely sought to have the court inquire into her valuations and thus become a sort of equalization tribunal. Such matters are for the board of equalization and not for the court. Druesdow v. Baker (Tex.Com.App.) 229 S.W. 493; Rowland v. City of Tyler (Tex.Com.App.) 5 S.W.(2d) 756; Stevens v. City of El Paso (Tex. Civ.App.) 81 S.W.(2d) 149.

The trial court properly entered judgment against the appellant for taxes for the years 1927 to 1930.

■■ It is our conclusion that the trial court erred in not admitting in evidence the tax rolls for the years 1931, 1932, and 1933. The Budget Law, being chapter 206, p. 339, Acts of the 42d Legislature, Regular Session (Vernon's Ann.Civ.St. arts. 688, 689, 689a—1 et seq.), provides for the preparation of budgets for the state and various political subdivisions thereof. Section 14 of the Act (Vernon's Ann.Civ. St. art. 689a—13) provides for the preparation of budgets for cities and towns. Section 15 (Vernon's Ann.Civ.St. art.

689a—14) provides for the filing of the budget with the city clerk. Section 16 (Vernon's Ann.Civ.St. art. 689a—15) provides for hearings to be held on the budget, and further provides that:

"When the budget has been finally approved by such Board of Commissioners, or Council, the budget as so approved shall be filed with the Clerk of such city, town or village, and taxes levied only in accordance therewith, and no expenditure of the funds of such city, town or village shall thereafter be made except in strict compliance with such adopted budget, except that in case of grave public necessity, emergency expenditures to meet unusual and unforeseen conditions, which could not, by reasonable diligent thought and attention, have been included in the original budget, may from time to time be authorized by such Board of Commissioners, or Council, as amendments to the original budget. In all cases where such amendment to the original budget is made, a copy of the order or resolution of the Board of Commissioners or Council amending such budget shall be filed with the Clerk of such city, town or village, and attached to the budget originally adopted. Immediately after the adoption of said budget or any amendment thereto, the Mayor or City Manager, as the case may be, shall file or cause to be filed, a true copy of said approved budget, and all amendments thereto, in the office of the County Clerk of the County in which said municipality is situated, and with the State Comptroller at Austin."

It is our view that the Budget Law is designed to deal with the question of expenditure of public funds. We find nothing in it which would warrant the conclusion that the Legislature intended by such law to invalidate a tax levy in any case where no budget had been prepared or where the levy is not made in accordance with the budget. It may be that failure to comply with the requirements of the Budget Law will subject the offending officials to the penalties provided by the act, or warrant the interference of the courts to compel compliance with the provisions of the act, but failure to comply with it does not go to the validity of the tax levy. The power of a city to levy taxes and the procedure for assessing and collecting them are derived from the Constitution and from the statutes enacted

pursuant thereto relating to the matter of taxation. As we have above indicated, the Budget Law does not purport to deal with taxation but only with the expenditures. And the language of the act with reference to the budget, that taxes be levied "only in accordance therewith," must be construed in the light of such purpose. We may add that in the case before us it appears that a budget was prepared and filed with the city clerk and that the only omission of duty charged to the officials of the city of Port Neches was their failure to file copies of the budget with the county clerk and the state comptroller. Such omission, it is believed, could in no event invalidate the tax levy. It follows, therefore, that the trial court erred in excluding the tax rolls for the years 1931 to 1933 from the evidence. It is therefore ordered that that part of the judgment of the trial court which awarded judgment in favor of the city of Port Neches for taxes for the years 1927 to 1930, with penalties and interest and foreclosure of the tax lien, be affirmed. It is further ordered that that portion of the judgment of the trial court which denied the recovery of taxes for the years 1931 to 1933, be reversed and remanded for a new trial.

Affirmed in part, and in part reversed and remanded.

### On Rehearing.

In the motion for rehearing the appellant insists that we were in error in stating in the opinion that a budget was prepared and filed with the city secretary for the years 1931 to 1933, inclusive. The point made is that the alleged budget, although labeled as such, was nothing more than a financial statement of past expenditures for the current year; that such alleged budget was submitted only for the years 1932 and 1933; that the ones introduced in evidence did not show a file mark as having been filed with the city secretary; and that no budget, or anything purporting to be one, was filed for the year 1931. In view of our holding that failure to prepare and file a budget would not invalidate the tax levy, it is, of course, immaterial whether or not the purported budget was sufficient to satisfy the Budget Law.

The motion for rehearing is overruled.