259 So.2d 833

**Edwin K. McPHEETER et al.**

v.

**The CITY OF AUBURN, Alabama, a Municipal Corp., et al.**

5 Div. 917.

Supreme Court of Alabama.

March 23, 1972.

Frank J. Mizell, Jr., Montgomery, for appellants.

Dumas, O'Neal & Hayes, Birmingham, Brown & McMillan, Auburn, for appellees.

Drayton N. Hamilton, Montgomery, for Alabama League of Municipalities, amicus curiae.

McCALL, Justice.

The appellants instituted a class action in the Lee County Circuit Court seeking a declaratory judgment to have declared illegal and void Ordinance No. 416, enacted by the City Council of the City of Auburn, on January 20, 1970, and an injunction to prohibit its enforcement.

The trial court denied the relief prayed for by the complainants, and decreed that, under the contentions raised, Ordinance No. 416 offends neither the United States nor the Alabama Constitution, nor the laws of the State which were put in issue. The court held that the complainants, and those of the separate classes each represents, whether residents or nonresidents of the City of Auburn, who work or perform services within its limits, are legally liable for the privilege license fee or occupational tax based on the remuneration for their work or services, notwithstanding that their salary or wage is paid by Auburn University, the State of Alabama, or the United States; that no legal undertaking is asserted by the city to require any governmental unit to withhold and remit taxes due from its employees to the city; that the ordinance validly requires an annual license for the privilege or right to engage in or follow a trade, business, vocation, occupation, or profession within the corporate limits of the City of Auburn, the fee for which is to be measured by one per centum (1%) of the amount of the recipient's gross salary or wages in excess of $2,080 per year; that the ordinance is not invalid because it excludes from its operation domestic servants employed in private homes, clergymen of a recognized religious sect in the performance of their calling, or businesses, professions or occupations for which license fees are already required under any other ordinance; and that the ordinance does not tax property or income of

J. M. Breckenridge, Birmingham, for City of Birmingham, amicus curiae.

the taxpayer. From the adverse final decree of the circuit court, the appellants have appealed to this court.

The plenary authority to municipalities to levy privilege and license taxes is given by the Legislature and is found in Tit. 37, § 735, Code of Alabama, 1940. That section provides:

"All municipalities shall have the power to license any exhibition, trade, business, vocation, occupation, or profession not prohibited by the Constitution or laws of the state, which may be engaged in or carried on in the city or town * * *. The power to license conferred by this article may be used in the exercise of the police power as well as for the purpose of raising revenue * * *."

In Town of Hackleburg v. Northwest Alabama Gas District, 277 Ala. 355, 357, 170 So.2d 792, 793, this court observed:

"Municipalities have no inherent power of taxation, but the State, having the power to tax may confer and delegate this power on and to a municipality. Stein v. Mayor, etc., of Mobile, 24 Ala. 591; Estes v. City of Gadsden, 266 Ala. 166, 94 So.2d 744. If the taxing power delegated is not limited, it includes all the taxing power possessed by the State. See McQuillin, Municipal Corporations, 3rd Ed., Vol. 16, Sec. 44.07."

■ There is nothing in the statute, Tit. 37, § 735, Code of Alabama, 1940, that exempts employees in government from the effects of the tax ordinance. Therefore, if there is no principle of law clothing government employees with immunity, because they are such, we can conceive of no reasonable cause why they should be excluded from a tax that others bear.

Auburn University is a "body corporate," a public institution of higher learning which is an instrumentality of the State, enjoying among other public benefits tax support and the right to condemn property. Tit. 19, § 1, Tit. 52, § 474(1), Code of Alabama, 1940. Its Board of Trustees is created under the constitution. Amendment 161, Constitution of Alabama of 1901. The University employs and pays out of its funds the salaries of those in one class of the appellants herein. The State of Alabama and the United States employ and pay the salaries of other class appellants herein. All appellants contend that the municipality's imposition of this tax is a burden on or an interference with government because the individuals taxed are performing essential functions for the operation of government.

The contention of the appellants concerning tax immunity is disposed of by the Supreme Court of Colorado in Hamilton v. City and County of Denver, Colo., 490 P. 2d 1289, 1293, where the court said:

"* * * [N]or can we rationalize logically in what way the imposition of the tax upon state employees interferes with or adds additional qualifications for state employment. Payment of the tax is not a prerequisite to being appointed or elected, nor does continuation to the state position depend on payment of the tax. Whether the individual employee is in default has not been shown by the record either to be known to or any concern of the state."

The ordinance imposes the tax or license fee in return for the privilege of engaging in a trade, occupation or profession in the City of Auburn and for being afforded the benefit of the facilities of the city while in the pursuit of that business. See McConnell v. City of Columbus, 172 Ohio St. 95, 173 N.E.2d 760, wherein the court also held:

"At one time, it was considered that any tax by one government on income received from another government would represent such an undue interference with the governmental activities of the latter government as to constitute a tax upon that latter government or its activities.

"However, since the decision in Graves v. People of State of New York ex rel. O'Keefe, 1939, 306 U.S. 466, 59 S.Ct. 595, 83 L.Ed. 927, 120 A.L.R. 1466, it no longer can be seriously argued that a nondiscriminatory tax on income earned for services rendered to or work done for a government represents a legally recognizable interference with the activities of that government so as to constitute a tax upon that government. In that case, which was decided before enactment of any federal statute providing for taxation by a state or its subdivisions of income received from the federal government, several prior decisions were overruled and it was held that such income was subject to taxation. * * *"

Imposing payment of the tax or license fee on the individual so engaged and employed, places no tax burden on Auburn University, the State, or the federal government as such. The tax is not levied on the employer-employee relationship, but on the taxable event of rendering services or following a trade, business, or profession. The ordinance places the tax on an employee's privilege of working in the city limits of Auburn regardless of the person's employer or the place of residence of the employee.

In Hamilton v. City and County of Denver, supra, the court held that state employees are subject to City of Denver's Employee's Occupational Privilege Tax. This case appears to be similar in all material aspects with the issue presented by Ordinance No. 416. The basis of the decision was that no burden was placed on the state, and that the tax created no condition precedent to state employment. The court said:

"We perceive nothing in the above, or other applicable statutes and constitutional provisions to preclude a city such as Denver from applying appropriate taxes such as the one herein to those employees of the state physically employed within the confines of the city.

"It has long been well established that reasonable, non-discriminatory taxes may be imposed by one governmental unit upon the employees of another, where not precluded by applicable law. * * *"

In *Hamilton,* supra, the court also relied on these cases which hold that a city income tax could be levied on the salary of a state or federal employee which was earned on state property within the city. See e. g. McConnell v. City of Columbus, *172 Ohio St. 95, 173 N.E.2d 760*; Kiker v. City of Philadelphia, 346 Pa. 624, 31 A.2d 289; Graves v. New York ex rel. O'Keefe, 306 U.S. 466, 59 S.Ct. 595, 83 L.Ed. 927.

Having considered the foregoing authorities, we conclude that Ordinance No. 416 is not unconstitutional and invalid because it is applied to state employees who perform services in the Auburn city limits. Likewise, federal employees who work within Auburn's city limits are subject to the occupation tax. See Howard v. Commissioners of Sinking Fund of City of Louisville, 344 U.S. 624, 73 S.Ct. 465, 97 L.Ed. 617; Circular No. A–38, Revised, Executive Office of the President, Bureau of the Budget, August 4, 1963.

■ Further, no governmental unit is a party to this suit. We do not think that the appellants should be heard to complain that the ordinance is invalid and unconstitutional upon some ground which in no way affects their rights such as the alleged burdens of the withholding provisions of the ordinance upon their governmental employer. This does not concern appellants. Kohler v. Benckart, Ky., 252 S.W.2d 854, 858; 37 Am.Jur., Municipal Corp., § 170, p. 799. If a governmental employer declines to withhold the privilege tax from the compensation of an employee, the ordinance contains provision for that eventuality. In Section 5 thereof, it is provided:

"* * * [T]he employee for whom no return has been filed and no payment has been made shall file a return with the City Manager on or before the last day of the next month next following the end of such quarterly period showing in said return his gross receipts subject to license fees for the preceding quarter, and shall file a return with the City Manager on or before January 31st of each year thereafter showing on said return the gross receipts subject to license fees during the preceding calendar year. * * *"

At the time of filing the employee is required to pay the amount of the license fees due.

The appellants also contend that the ordinance in question is void because it imposes a tax which is not within the taxing powers delegated to municipalities in Tit. 37, § 735, Code of Alabama, 1940. In fact, appellants argue that Ordinance No. 416 prescribes a city income tax rather than an occupational license tax. The court in Estes v. City of Gadsden, 266 Ala. 166, 94 So.2d 744, held the Gadsden ordinance was constitutional and valid and did not levy an income tax. On that authority, we hold the Auburn ordinance to be constitutional and valid and that it does not levy an income tax, but an occupational license tax as authorized by Tit. 37, § 735, Code of Alabama, 1940.

The tax is occasioned when the taxpayer performs services within the Auburn city limits, and not when the taxpayer receives income. Therefore, the ordinance taxes the privilege of working and the engagement of rendering services within the City of Auburn, and it only measures the tax due by the amount of the taxpayers' gross receipts which result from such privilege. Section 1(f) of Ordinance No. 416 defines gross receipts as "* * * the total gross amount of all salaries, wages, commissions, bonuses, or other compensation of any kind, * * * which a person receives * * * for any work done or personal services rendered * * *." It is evident that the tax is not even measured by a person's income, but only by his salary or wages earned. So in no sense can the Auburn tax be considered an income tax.

It is noted that many of the claimed discriminations in Ordinance No. 416, which are raised by the instant appeal, were considered in Estes v. City of Gadsden, 266 Ala. 166, 94 So.2d 744. In Estes, supra, the Gadsden ordinance, which, in all substantial particulars, is the same as Auburn's Ordinance No. 416, was held to be non violative of state or federal constitutional requirements for equality and uniformity. All persons, embraced in the ordinance, are entitled to the exclusion of their first $2,080 of gross receipts. In Estes, the exemption of domestic servants in private homes, and ordained ministers was specifically held constitutional since those two groups constituted reasonable classes which possess characteristics that distinguish them from the other taxed classes. The fact that some licensees in the City of Auburn are taxed under a general license schedule and others are taxed under Ordinance No. 416 fails to show discrimination. The schedule embraces one class of taxpayers and Ordinance No. 416 includes another separate class of taxpayers. In Estes, supra, we said that the law requires uniformity within a class, but not exact equality with respect to the general class composed of all taxpayers. Moreover, all persons taxed by Ordinance No. 416 are taxed at the same rate. Finally, all taxpayers, whether they are residents of Auburn or not, are taxed only for the privilege of performing services in the city limits, and all are taxed at the same rate. Again Estes, supra, upheld such an arrangement.

For the reasons set forth, the judgment of the trial court is due to be affirmed and the same is hereby affirmed.

Affirmed.

HEFLIN, C. J., and LAWSON, COLEMAN and BLOODWORTH, JJ., concur.