318 So.2d 300

**Donald G. JOLLY**

v.

**CITY OF BIRMINGHAM, a Municipal Corporation.**

**Civ. 493.**

Court of Civil Appeals of Alabama.

Aug. 27, 1975.

Charles H. Wyatt, Jr., Birmingham, for appellee.

Carl E. Chamblee, Birmingham, for appellant.

HOLMES, Judge.

This appeal questions the validity of a municipal ordinance of the City of Birmingham imposing an occupational license tax.

The trial court found the ordinance constitutional, granted the city's motion for a directed verdict, and allowed the jury to determine the amount due.

Appellant argues that the ordinance is invalid in that its enactment violated Act No. 452 of the Legislature of Alabama, Regular Session 1955; he further argues that the ordinance is, in fact, a proscribed tax on income in violation of § 89 of the Constitution of Alabama; he also urges error in that the ordinance violates the 5th and 14th amendments to the Constitution of the United States by its exemption of persons earning $3,000 or less from its application and operation; he additionally urges that he has been deprived of the equal protection of the laws in that he has been "singled out" for enforcement of the ordinance; and it is finally contended that due process and equal protection of the laws have been denied appellant in that discriminatory and burdensome record keeping is imposed upon him by the ordinance, and that the ordinance unjustifiably discriminates between classes of taxpayers.

I

The pertinent parts of Act No. 452, as codified in article 46, subdivision 3, § 1617, Appendix of the Alabama Code, Vol. 14A, provide procedures for the preparation and adoption of the budgets of cities having the mayor-council form of government. The pertinent parts of § 1617 at pages 973 and 974 require that:

"5. *A balanced budget.*—In no event shall the expenditures recommended by the mayor in the general fund budget exceed the receipts estimated, taking into account the estimated cash surplus or deficit at the end of the current fiscal year, as provided in subsection 4, unless the mayor shall recommend an increase in or levy of new or increased, taxes or licenses within the power of the city to levy and collect in the ensuing fiscal year, the receipts from which, estimated on the basis of the average experience with the same or similar taxes during the three full tax years last past, will make up the difference. If estimated receipts exceed estimated expenditures, the mayor may recommend revisions in the tax and license ordinances of the city in order to bring the general fund budget into balance. The same balanced budget restrictions shall apply in the adoption of any public utility budget.

.    .    .    .    .    .

"8. *Publication of notice of public hearing.*—At the meeting of the council at which the budget and budget message are submitted, the council shall determine the place and time of the public hearing on the budget, and shall cause to be published a notice of the place and time, not less than seven days after the date of publication, at which the council will hold a public hearing. Publication shall be made at least once in a daily newspaper published and of general circulation in the city. At the time and place so advertised, or at any time and place to which such public hearing shall from time to time be adjourned, the council shall hold a public hearing on the

budget as submitted, at which any citizen of the city shall be given an opportunity to be heard, for or against the estimates or any item thereof.

"9. *Action by the council on the general fund budget.*—After the conclusion of the public hearing the council may insert new items of expenditures or may increase, decrease or strike out items of expenditure in the general fund budget, except that no item of expenditure for debt service, or any other item required to be included by this subdivision or other provision of law, shall be reduced or stricken out. The council shall not alter the estimates of receipts contained in the said budget except to correct omissions or mathematical errors and it shall not cause the total of expenditures as recommended by the mayor to be increased without a public hearing on such increase, which shall be held not less than three days after notice thereof by publication in a newspaper of general circulation published in the city. The council shall in no event adopt a general fund budget in which the total of expenditures exceeds the receipts and available surplus, estimated as provided in subsection 4 of this section, unless at the same time it adopts measures for providing additional revenue in the ensuing fiscal year, estimated as provided in subsections 2 and 5 of this section, sufficient to make up the difference.

"10. *Adoption of general fund budget.*—Not later than the 20th day of August of the current fiscal year, the council by a majority vote shall adopt the general fund budget, and such ordinances providing for additional revenue as may be necessary to put the budget in balance. . . ."

The ordinance in question, imposing a tax upon occupations practiced within the City of Birmingham, was originally recommended to the council in order to balance the proposed budget; at this time its rate was three-fourths of one percent. After the public hearing was held, the rate was increased to a full one percent, which appellant contends was violative of that provision of subparagraph 9, as quoted above, forbidding alteration of receipts. The ordinance in this form, and the budget, were then adopted. As such, appellant urges the invalidity of the ordinance.

■ However, even conceding for the purpose of this opinion the correctness of appellant's contention as to the violation of subparagraph 9 as it relates to the budget, the ordinance in question, to wit, the occupational license tax, must not necessarily fall due to the infirmity in the budget. The procedures of § 1617 apply only to adoption of a budget, and to this court have no application to ordinances duly enacted in connection therewith. While a budget may be invalidated by failure to comply with § 1617, the validity of such an ordinance duly adopted in concert with such budget is completely without that section's scope of application. No inference can be drawn from § 1617 which would warrant invalidating a tax law not passed in conformity with its procedures. While this court has found no Alabama cases directly in point and none are cited in brief, the Texas Court of Civil Appeals had occasion to consider a similar situation in *Rachford v. City of Port Neches,* 96 S.W. 2d 167, wherein a tax levy was attacked in that the requirements of the state budget law were not complied with. In upholding the validity of the levy, the court said:

"We find nothing in it which would warrant the conclusion that the Legislature intended by such law to invalidate a tax levy in any case where no budget has been prepared or where the levy is not made in accordance with the budget. It may be that failure to comply with the requirements of the Budget Law will subject the offending officials to the penalties provided by the act, or warrant the interference of the courts to compel compliance with the provisions of the act, but failure to comply with it does not go to the validity of the tax levy. . . ." (96 S.W.2d at 169)

We would further point out that the budget in question is the 1970–71 budget and the suit upon which this appeal is based was filed in 1974.

## II

■ Appellant's contention that the ordinance is a prohibited tax on income was settled by the Alabama Supreme Court in *McPheeter v. City of Auburn,* 288 Ala. 286, 259 So.2d 833; and *Estes v. City of Gadsden,* 266 Ala. 166, 94 So.2d 744. *McPheeter* and *Estes* held ordinances materially indistinguishable from the one in question to be occupational taxes valid under the authority of Tit. 37, § 735, Code of Ala. 1940. Appellant seeks to differentiate the present ordinance by characterizing its exclusion of incomes under $3,000 as a graduation feature typical of income taxation. However, *Estes, supra,* upheld exclusion of the first $2,080 of income. Graduation is not a necessary component of an income tax, nor is an otherwise valid occupational tax transformed into an income tax by an exclusion provision.

## III

■ While appellant contends that he has been deprived of the equal protection of the laws by the exclusion of persons earning $3,000 or less from the application of the ordinance, it is only blatantly arbitrary and unreasonable classifications which will sustain such a claim for taxation purposes. In *State v. Spann,* 270 Ala. 396, 118 So.2d 740, the Alabama Supreme Court upheld the constitutionality of an architects' licensing statute which excluded from its application architects preparing plans for one or two family residences costing not more than $10,000. The court said:

"We believe that it is within the discretion of the legislature to determine at what point licensing is to begin and at what point it shall end. . . .

"We cannot say that we know all the reasons for the classifications under the action in question. This is not necessary however. It is within the scope of legislative authority to make classifications in its regulatory enactments. Unless clearly and patently arbitrary, oppressive and capricious on its face, such classification is not subject to judicial review. Mere inequality under such classification is not sufficient to invalidate a statute. . . ." (270 Ala. at 400, 118 So.2d at 743)

■ It cannot be said that a classification such as the present one, which operates to relieve those persons in the lowest income brackets from a taxation burden which would be unduly burdensome as to them, is patently unreasonable. See also *Haden v. Watson,* 270 Ala. 277, 117 So.2d 694; and *State v. Pure Oil Company,* 256 Ala. 534, 55 So.2d 843.

## IV

■ There is nothing to indicate from the record that appellant has been the object of selective enforcement of the ordinance, as he urges in brief. Nor is there any reversible error shown by the trial court in ruling on certain evidentiary matters in this regard. Also, inconsistent enforcement of an ordinance constitutes no argument against the power to pass it. *Dreyfus v. City of Montgomery,* 4 Ala. App. 270, 58 So. 730.

## V

■ There is no merit in appellant's contention that discriminatory and overly burdensome record keeping has been imposed upon him in contravention of due process and equal protection of the laws. The maintenance of records is integral to any system of taxation. As such, requiring those citizens whose employer does not make reports to keep their own records cannot be found to be unreasonable.

■ There is no merit in the argument that the tax rate was increased from three-fourths of one percent to one percent without a public hearing, inasmuch as

there is no such requirement as respects a licensing ordinance. The public hearing requirement of § 1617, subparagraph 8, is solely referable to adoption of a budget and has no application to enactment of an ordinance.

■ Appellant urges that a discriminatory condition is created by the fact the occupational tax imposes a greater burden upon those subject to it than upon those subject to other taxes. However, various taxes inherently impose varying burdens. So long as all within the class subject to the particular tax are treated equally, there can be no complaint.

■ The final contention of appellant is that the ordinance is unconstitutionally discriminatory in that persons residing within the city who are employed outside the city receive the benefits of the tax without being subject to its burden. The defect in this argument is that those who pay the tax do, in fact, receive its benefits, there being no actual diversion of the proceeds. That some who are not subject to the tax burden incidentally benefit thereby gives rise to no claim of discrimination.

■ All of the foregoing contentions of appellant were treated in accordance with the presumptions that an ordinance is presumed to be reasonable and valid, and that the burden is on the one challenging the ordinance to clearly show its invalidity. See *Standard Chemical & Oil Co. v. City of Troy*, 201 Ala. 89, 77 So. 383; *City of Mobile v. La Clede Hotel Co.*, 221 Ala. 531, 129 So. 477.

No reversible error being found, this case is due to be affirmed.

## ON MOTION

■ Appellee has filed with this court a motion to dismiss appellant's appeal. The motion is based on the fact appellant failed within five days after perfecting his appeal to request the court reporter to transcribe the evidence as is required by Tit. 7, § 827(1), Code of Ala. 1940. Additionally, the transcript of testimony was not filed with the clerk of the circuit court within sixty days of the taking of the appeal. However, the learned trial judge granted an extension within thirty days after the expiration of the aforesaid sixty days. The trial court has such authority. See *Johnson v. State*, 269 Ala. 1, 111 So.2d 610; also *Roberson v. McHenry*, 46 Ala. App. 691, 248 So.2d 731.

This court, after careful consideration of appellee's motion, finds the motion is due to be denied. We take particular note that the appeal was perfected on October 24, 1974; the transcript filed on February 19, 1975; and the record certified to this court on April 16, 1975. Put another way, only six months had elapsed from the taking of the appeal to the record being certified to this court. Therefore, no apparent substantial prejudice appears to have occurred by the appellant's failure to comply with Tit. 7, § 827(1), Code of Ala. 1940.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.