MADDOX, Justice.
This appeal relates to the power of a mayor in a mayor-council form of city *264 government to exercise an executive veto of the city’s budget duly adopted by the city council. The specific issues are: 1) whether a mayor can add or change items in a budget duly adopted by the council on the ground that the council failed to budget for expenditures that are required by law, and 2) whether the city council, by resolution, can approve the expenditure of city funds when the general fund budget has been declared to be invalid.
The mayor of Prichard, Margie Wilson, submitted a general fund budget for the fiscal year 1989-90 to the city council for its consideration. On September 7, 1989, the city council made some changes to the mayor’s proposed budget, adopted it, and transmitted it to the mayor for her approval.
The mayor vetoed certain line item expenditures in the budget, but, in addition, she inserted additional line item expenditures into the budget, and she advised the city council of her objections in writing in a document entitled “Budget Expenditure Line Item Disapprovals.” The record is unclear as to whether the mayor submitted the amendments and alterations to the city council when she submitted her vetoes, but it is clear that the council did not override her line item veto, because the statute states that the city council must vote unanimously to override, and it is not disputed that only 4 members of the 5-member council voted to override the mayor’s veto.
The mayor subsequently signed the budget, and the question then was: Was the budget signed by the mayor, which not only contained her line item veto, but also those modifications and additions she had made, a valid budget because the council had not overridden her action unanimously?
The question of the validity of the city’s budget was submitted to then Attorney General Don Siegleman, and he issued an official opinion stating that the mayor did not have the authority to sign into law a budget containing amendments not approved by the city council. As a result of the mayor’s signing into law a general fund budget containing the unapproved amendments, the attorney general concluded that the City of Prichard was not operating under a valid budget for the fiscal year 1989-90.
As a result of the opinion of the attorney general, the city council met and adopted a resolution that provided, in general, that no expenditures, except for payroll and essential items, could be made without the prior approval of the city council until such time as a valid budget was adopted for the City. The City is still operating under that resolution, without a budget having been determined to be valid.
The mayor initiated this suit, seeking a declaration that the general fund budget for the fiscal year 1989-90 was valid. She also sought to have the city council enjoined from enforcing the resolution. The trial court ruled, as had the attorney general, that the budget was invalid. The court also held that the city council had acted within its authority in adopting the resolution authorizing city expenditures.
The first question we address is whether a mayor in a mayor-council form of government can alter and amend a city budget that has been duly adopted by the city council. We hold that the mayor has no such power. Ala.Code 1975, § 11-43C-1 et seq. prescribes the budget adoption process for cities operating under mayor-city council forms of government. The provisions of those sections can be summarized as requiring six basic steps:
1) § 11-43C-42 mandates that the mayor submit a general fund budget to the city council for its consideration;
2) § 11-43C-48 provides that the city council conduct a public hearing on the proposed budget;
3) § 11-43C-49 grants the city council the power to
“insert new items of expenditures or ... increase, decrease or strike out items of expenditure in the general fund budget, except that no item of expenditure for debt service, and any other item required to be included by *265 this chapter or other provision of law, shall be reduced or stricken out.”
4) § 11-43C-51 provides that the council adopt a general fund budget by a majority vote;
5) § 11-43C-52 provides that the mayor may veto any line item expenditure contained in the budget; however, the city council can override the mayor’s veto by five votes, a unanimous decision;
6) § 11-43C-53 provides that the mayor shall certify the final adopted budget into law.
The mayor’s duties in a mayor-council form of government are defined in § 11-43C-37, and one of those duties is the preparation and submission of a budget to the council annually and another duty is administering the budget after its adoption. Ala.Code 1975, § 11-430-37(5). According to the provisions of § 11-43037(1), the mayor is required to “enforce all laws and ordinances,” and according to the provisions of § 11-43037(9), it is the mayor’s responsibility to “fix the salaries or compensation of all officers and employees of the city who are appointable by the may- or.” The mayor argues that, because of the responsibilities she has to enforce all laws and to fix the salaries, etc., that she was thereby authorized to add to and amend the adopted budget to include “provisions required by law.”
The council disagrees with the mayor and argues that the mayor does not have the power to alter and amend an adopted budget, except to the extent that § 11— 43C-52 allows the mayor to exercise a line item veto. Section 11-43C-52 provides:
“If the mayor shall disapprove of any expenditure line item contained in the budget transmitted to him by the council, he shall, within 10 days of the time of its passage by the council, return the same to the clerk with his objections in writing, and the clerk shall make report thereof to the next regular meeting of the city council, and if five of the council members shall at the meeting adhere to said expenditure line item by yeas and nays and spread upon the minutes, then said expenditure line item shall become effective.”
(Emphasis added.)
We agree with the council. The mayor’s statutory powers are not broad enough to permit a mayor to make alterations and amendments to a budget after it has been adopted by the council. We reach this conclusion by applying settled rules of statutory construction. In John Deere Co. v. Gamble, 523 So.2d 95 (Ala.1988), this Court set out those rules of statutory construction, and they were recently restated in Hunt v. Hubbert, 588 So.2d 848 (Ala.1991) (Houston, J. concurring), as follows:
“ ‘The fundamental rule of statutory construction is to ascertain and give effect to the intent of the Legislature in enacting the statute. Advertiser Co. v. Hobbie, 474 So.2d 93 (Ala.1985); League of Women Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974). If possible, the intent of the Legislature should be gathered from the language of the statute itself. Advertiser Co. v. Hobbie, supra; Morgan County Board of Education v. Alabama Public School & College Authority, 362 So.2d 850 (Ala.1978).’ ”
We cannot accept the mayor’s argument that the Legislature intended to grant the mayor vast powers in the mayor-city council form of government not specifically provided for in § 11-43C-52. That section, on its face, gives the mayor only the power to line item veto. The mayor wants this Court to read that section in pari materia with other sections of the Code detailing her duties and responsibilities to expand her power of executive veto. This we cannot do. In our opinion, to interpret the statutes as expanding her power would violate legislative intent.
This Court recently construed the power of the governor of Alabama, under the Constitution, to exercise the power here sought to be exercised by the mayor. See Hunt v. Hubbert, 588 So.2d 848 (Ala.1991). In Hunt, this Court interpreted the governor’s power to executive line item veto very narrowly. Id. The mayor wants this court to construe the power granted to her by the legislature to line item veto as being *266 vast. The power of executive veto by a mayor, of course, is statutorily granted,[1] and we believe the better rule is that the power of a mayor to change or alter a budget adopted by the council should be strictly construed.
Section 11-43C-52 states in plain language that “If the mayor shall disapprove of any expenditure line item contained in the budget,” then the mayor has the power to veto that item. Allowing the mayor the power to alter and amend the budget so as to add or change items after its adoption would grant the mayor more power than the Legislature has granted. The judgment of the trial court is due to be affirmed on this issue.
We now address whether the council had the authority to authorize city expenditures by resolution. We think that it did.
Under the mayor-city council form of government, a budget is invalidated by the failure to comply with statutory procedures for its adoption. Jolly v. City of Birmingham, 55 Ala.App. 603, 318 So.2d 300 (1975). After the adoption of the budget, Mayor Wilson vetoed certain items, changed some items, and added certain items in the adopted budget. She submitted these changes to the city council. Because the city council failed to override her veto, those items “vetoed” were no longer in the budget, and the mayor had the power to sign into law the adopted budget absent the “vetoed” items. However, the mayor did not have the power to sign into law an altered and amended budget; therefore, the budget signed by the mayor was invalid, as the attorney general indicated and as the trial court later ruled.
Upon examining the history of municipal government in Alabama, we conclude that it is apparent that the city council has the authority to approve the expenditure of city funds where the general fund budget has been declared invalid. Prior to the adoption of the mayor-council form of government under § 11-43C-1 et seq., the City of Prichard operated under the form of government designated in § 11-43-1 et seq.
Those statutes formerly applicable did not provide for a general fund budget; instead § 11-43-56 vested the city council with control of the city’s finances. Section 11-43-56 provided that “the council shall have the management and control of the finances and all of the property, real and personal, belonging to the city or town.” Section 11-43-57 further provided that “the council shall appropriate the sums necessary for the expenditures of the several city departments.”
The new statute, § 11-430-21(6), provides that the council shall “[s]ucceed to all the powers, rights and privileges conferred upon the former governing body of the city by statutes in effect at the time of adoption by the city of the mayor-council form of government.” The city council claims that this power to control the finances of the city remains with the council in the new mayor-city council form of government until a valid budget is adopted. We agree.
Because the mayor signed into law an invalid general fund budget, the City of Prichard was not operating under a valid budget for the year 1989-90. The city council has the power under § 11-43C-56 to control the finances of the city as it did prior to the adoption of Chapter 43C of Title 11 of the Code.
Based on the foregoing, the judgment of the trial court is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.

. Wallace v. Board of Education of Montgomery Co., 280 Ala. 635, 641, 197 So.2d 428 (1967); In re Opinions of the Justices, 232 Ala. 56, 58, 166 So. 706 (1936).