796 So.2d 1071 (2000)
Carnesa T. PARKER
v.
JEFFERSON COUNTY.
1991004.
Supreme Court of Alabama.
November 17, 2000.
Rehearing Overruled April 20, 2001.
*1072 Roger C. Appell, Birmingham, for appellant.
J. Vernon Patrick, Jr., and William M. Slaughter of Haskell, Slaughter & Young, L.L.C., Birmingham, for appellee.
MADDOX, Justice.
This appeal presents the following issue: Whether Jefferson County Ordinance No. 1120 (the "ordinance"), adopted September 29, 1987, imposes an occupational tax, which a county is permitted by Alabama law to impose, or whether the ordinance imposes an income tax, which Alabama law prohibits a county from imposing.[1] We conclude, as did the trial judge, that the ordinance does not impose an income tax, and, therefore, is not prohibited by Alabama law. We affirm the judgment of the circuit court dismissing the action.
Carnesa Parker sued Jefferson County, alleging that the tax imposed by the ordinance was an income tax prohibited by Alabama law. Parker sought a complete refund, with interest, of all amounts she had paid to Jefferson County under the ordinance, and she sought to have a class certified under Rule 23, Ala.R.Civ.P., consisting of all persons who had paid the tax.
The crux of Parker's argument is that the United States Supreme Court, in Jefferson County v. Acker, 527 U.S. 423, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999), determined that the ordinance imposes an income tax, and that the doctrine of collateral estoppel bars Jefferson County from relitigating this issue. The trial court correctly rejected Parker's argument.
"`Collateral estoppel requires (1) an issue identical to one litigated in the prior suit; (2) that the issue [have] been actually litigated in the prior suit; and (3) that the resolution of that issue have been necessary to the prior judgment. In addition, the parties must have been the same in both suits. Where these elements are present, the parties are barred from relitigating issues actually litigated in a prior suit.'"
Jones v. Blanton, 644 So.2d 882, 886 (Ala. 1994), quoting Lott v. Toomey, 477 So.2d 316, 319 (Ala.1985). (Emphasis omitted.) We have carefully reviewed the record on appeal and have considered Parker's argument, and we conclude that she has failed to show that the doctrine of collateral estoppel should be applied in this case, as we shall now show.
The issue relating to Parker's argument in this case that the United States Supreme Court addressed in Acker was whether the ordinance was valid against federal employees, under the Public Salary Tax Act, 4 U.S.C. § 111. Under that Act, the United States "consents to the taxation *1073 of pay or compensation for personal service as an officer or employee of the United States ... by a duly constituted taxing authority having jurisdiction, if the taxation does not discriminate against the officer or employee because of the source of the pay or compensation." In Acker, two federal judges were challenging the Jefferson County ordinance.
In addressing this issue, the Court in Acker stated:
"In Howard v. Commissioners of Sinking Fund of Louisville, 344 U.S. 624, 73 S.Ct. 465, 97 L.Ed. 617 (1953), the Court held that a `license fee' similar in relevant respects to Jefferson County's was an `income tax' for purposes of a federal statute that defines `income tax' as `any tax levied on, with respect to, or measured by, net income, gross income, or gross receipts,' 4 U.S.C. § 110(c). See 344 U.S., at 625, n. 2, 629, 73 S.Ct. 465. The Court so concluded even though the local tax was styled as `a tax upon the privilege of working within [the municipality],' was not an `income tax' under state law, and deviated from textbook income tax characteristics. Id., at 628-629, 73 S.Ct. 465; see also id., at 629, 73 S.Ct. 465 (Douglas, J., dissenting)(`Many kinds of income are excluded, e.g., dividends, interest, capital gains. The exclusions emphasize that the tax is on the privilege of working or doing business in [the municipality].').
"As Howard indicates, whether Jefferson County's license tax fits within the Public Salary Tax Act's allowance is a question of federal law."
527 U.S. at 438-39, 119 S.Ct. 2069. (Last emphasis added.) After determining that the ordinance serves a revenue-raising purpose, not a regulatory purpose, the Court explained:
"We consider next the judges' argument that the wholesale exemption for those who hold another state or county license reveals the Ordinance's true character as a licensing scheme, not an income tax. If the tax were genuinely an income tax, they urge, those license holders would not be excluded, although they might be allowed to claim their other license fees as credits or deductions against the county tax. Alabama's enabling Act does not allow its counties to so provide; those otherwise subject to license or privilege taxes under Alabama's laws may not be reached by a county's occupational tax. See 1967 Ala. Acts 406, § 4. The dispositive measure, however, is the Public Salary Tax Act, which does not require the local tax to be a typical `income tax.' Just as the statute in Howard consented broadly to `any tax measured by net income, gross income, or gross receipts,' 344 U.S., at 629, 73 S.Ct. 465, the Public Salary Tax Act consents to any tax on `pay or compensation,' which Jefferson County's surely is. The sole caveat is that the tax `not discriminate ... because of the [federal] source of the pay or compensation'...."
527 U.S. at 441-42, 119 S.Ct. 2069. (Some emphasis added.)
It seems apparent that, contrary to Parker's assertion, the Supreme Court in Acker addressed only one question: Did the ordinance violate the Public Salary Tax Act, a federal law? As the above-quoted portions of Acker indicate, the Court emphasized that the question it was addressing related to federal law, not state law. To further illustrate this point, the Court in Acker cited its prior decision in Howard, a case that had addressed an issue similar to the one presented by this appeal.
In Howard, the Court held that a Louisville, Kentucky, occupational tax or licensing fee was an "income tax" for purposes of the Buck Act (a federal law similar to *1074 the Public Salary Tax Act involved in the Acker case), despite the fact that the Kentucky Court of Appeals had held that the tax was not an income tax under Kentucky law, but was a tax upon the privilege of working within the City of Louisville. 344 U.S. at 628-29, 73 S.Ct. 465. The Court emphasized that the question it was addressing was "whether the tax [at issue] was an income tax within the meaning of the federal law." Id., at 629, 73 S.Ct. 465.
The holding in Acker was similar to the holding in Howardthat the ordinance, which serves a revenue-raising function, did not violate federal law. The Court did not address the issue whether the ordinance was valid under Alabama law (i.e., whether the ordinance imposed an "income tax" that was impermissible under Alabama law).
Applying Alabama law, this Court has upheld ordinances similar to the ordinance at issue in this case, as imposing permissible "occupational" or "privilege" taxes or "licensing fees" rather than impermissible "income taxes." See Estes v. City of Gadsden, 266 Ala. 166, 94 So.2d 744 (1957), and McPheeter v. City of Auburn, 288 Ala. 286, 259 So.2d 833 (1972). This Court has also upheld as constitutional Act No. 406, 1967 Ala.Acts (the Act under which Ordinance No. 1120 was promulgated), which authorized Jefferson County to levy a privilege tax "upon any person for engaging in any business [or occupation]." Bedingfield v. Jefferson County, 527 So.2d 1270 (Ala.1988).
After carefully studying the prior decisions of this Court, as well as the Acker and Howard decisions of the United States Supreme Court, we conclude that the trial court correctly dismissed Parker's action. Consequently, the judgment of dismissal is affirmed.
AFFIRMED.
HOUSTON, COOK, SEE, LYONS, BROWN, JOHNSTONE, and ENGLAND, JJ., concur.
HOOPER, C.J., dissents.

On Application for Rehearing
PER CURIAM.
APPLICATION OVERRULED.
HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
MOORE, C.J., dissents.
MOORE, Chief Justice (dissenting).
I was not a member of this Court when it released its opinion of November 17, 2000, affirming the judgment of the trial court. I would grant the application for rehearing.
On November 29, 1987, Jefferson County adopted Ordinance No. 1120, a revenue-enhancing measure. Section 1(b) of that ordinance levied a charge on persons doing "any kind of work, the rendering of any kind of personal services, or the holding of any kind of position or job within Jefferson County." It excepted only (1) domestic servants working in private homes and (2) businesses, professions, and occupations for which license fees are required to be paid under certain named statutes. Section 2, entitled "License Fees Required," set the levy at ½ of 1% of "the gross receipts of each such person." When two federal judges challenged this ordinance in a federal court, Jefferson County asserted that the ordinance imposed an income tax and not a license fee. On its review of the judges' case, the United States Supreme Court stated: "The judges acknowledge that Jefferson County's Ordinance is valid if it `imposes a true tax on ... income,' but argue that the Ordinance ranks instead as an impermissible licensing scheme." Jefferson *1075 County, Alabama v. Acker, 527 U.S. 423, 439, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999), citing Brief for Respondents 13-14, 27-33. The two plaintiffs, Judge William Acker and Judge U.W. Clemon, specifically referenced the label Jefferson County had used in titling § 2"License Fees Required." Jefferson County denied that that title had any meaning on the question whether the moneys collected under the ordinance were collected as fees or were collected as taxes. Jefferson County argued that the charge imposed was, in fact, an income tax. The United States Supreme Court concluded: "In practice, Jefferson County's license tax serves a revenue-raising, not a regulatory, purpose. Jefferson County neither issues licenses to taxpayers, nor in any way regulates them in the performance of their duties based on their status as licensed taxpayers." Jefferson County, supra, at 440, 119 S.Ct. 2069. The Supreme Court then upheld this ordinance precisely because it accepted Jefferson County's contention that the ordinance imposed an income tax.
Now, before this Court, Jefferson County argues that this ordinance imposes a license fee, not an income tax. According to Carnessa Parker's counsel, "Jefferson County having defeated the claims of these federal judges that the tax is a licensing scheme by convincing the [United States] Supreme Court that it is an income tax now seeks to defeat Parker's claims that the ordinance is an income tax by claiming that it is a licensing scheme." Brief of Appellant, 7.
This case thus appears to present the classic foundation for the application of the doctrine of collateral estoppel. That is a kind of equitable relief arising from the need for judicial economy. In Wheeler v. First Alabama Bank of Birmingham, 364 So.2d 1190, 1199 (Ala.1978), this Court stated that when the parties in a subsequent case are identical to those in a prior case, the elements necessary for that doctrine to apply are: "(1) an issue identical to one involved in the previous suit; (2) an issue actually litigated in the prior action; and (3) resolution of the issue was necessary to the prior judgment." Then, in Constantine v. United States Fidelity & Guaranty Co., 545 So.2d 750, 755-56 (Ala. 1989), this Court wrote the following regarding when a decision in a previous case will bind parties in a later case:
"[T]wo elements are required: 1) the party claiming the benefit of the prior judgment as an estoppel against the adversarial party is one who would have been prejudiced by a contrary decision in the previous case; and 2) the party against whom the estoppel by judgment is sought either was an actual party in the previous case or was in privity with, or is a successor to the rights of, an actual party in the previous case."
All of these criteria were met in Jefferson County and would normally enable Parker to use the doctrine of nonmutual offensive collateral estoppel to bind Jefferson County to the argument it made to the United States Supreme Court. However, Jefferson County has interposed § 100, Ala. Constitution of 1901, as a bar to the application of the doctrine against a county government.
The language of § 100 is ambiguous, and I question whether it reaches this kind of situation. Therefore, I would grant the application for a rehearing, in order to permit the parties to examine the scope of § 100. I am also troubled by the holding that Ordinance 1120 imposes a license fee, not an income tax. By the explicit terms of that ordinance, these taxpayers were obligated to pay a fixed percentage of their incomes, not a flat-rate amount. Similarly situated persons with different incomes would thus pay different sums. In Estes *1076 v. City of Gadsden, 266 Ala. 166, 172, 94 So.2d 744, 749 (1957), this Court held that "[t]he character of any tax should be determined by its incidences and not by the name given it or necessarily the language used." Therefore, I would grant the application for a rehearing on this basis as well.
NOTES
[1] See Estes v. City of Gadsden, 266 Ala. 166, 170, 94 So.2d 744, 747 (1957) ("municipalities and counties being political subdivisions of the state have no inherent power of taxation but have only such taxing power as is delegated to them by the legislature").